Carroll TAYLOR, Jacqueline Taylor and Michael Taylor, by Thomas H. Taylor, their next friend, and Thomas H. Taylor, individually, Appellants,

v.

Carl ANDERSON, Appellee.

No. 8530.

United States Court of Appeals Fourth Circuit.

Argued March 30, 1962.

Decided May 14, 1962.

& Morris, Richmond, Va., on the brief), for appellee.

Before BOREMAN and BELL, Circuit Judges, and FIELD, District Judge.

BOREMAN, Circuit Judge.

In Northumberland County, Virginia, on October 21, 1958, an automobile driven by Ethel P. Taylor collided with an automobile owned and driven by Carl Anderson of Wicomico Church, Virginia. Riding with Mrs. Taylor were four of her grandchildren, all residents of Maryland, and her husband, Herbert. Herbert Taylor and one of the grandchildren, Ronald Taylor, were killed in the accident. Thomas H. Taylor, the children's father and also a resident of Maryland, was appointed administrator of his deceased son's estate in Maryland. A Virginia resident (Lawrence M. Traylor) was appointed coadministrator of the estate to meet the requirements of Virginia law,[1] prior to the institution of the wrongful death action in Virginia. Such an action was filed in the District Court by the coadministrators against Carl Anderson and Ethel P. Taylor, individually, and against the latter as executrix of her deceased husband's estate. In the same action and complaint, the three surviving children, through their father as next friend, sued for their personal injuries, and the father sued individually for medical expenses incurred and to be incurred by him for the injured children.

Paragraph one of the complaint alleged that the District Court had jurisdiction by reason of the diversity of citizenship of the parties, but defendants moved to dismiss the action on the ground that there was no jurisdiction in the federal court since a Virginia resident. (the coadministrator of Ronald Taylor's estate) was joined as a party plaintiff and defendant Anderson was also a citizen of Virginia.[2] The District Judge granted

Nathan L. Silberberg, Washington, D. C. (Leonard S. Freedman on the brief), for appellants.

James W. Morris, III, Richmond, Va. (John B. Browder and Browder, Russell

1. Code of Virginia (1950) §§ 26-59, 8-634.

2. The complaint indicated that Mrs. Taylor was a resident of Ocean City, New Jersey. Service of process was had upon her as a nonresident motorist by serving the Virginia Commissioner of Motor Vehicles. Claiming that she was a resident of Northumberland County, Virginia, and also that she had qualified as executrix

the defendants' motion except that the court retained jurisdiction of the infants' and father's actions against Anderson, there being complete diversity between the opposing parties in those cases.[3] The coadministrators then filed a wrongful death action against Anderson in the Circuit Court of Northumberland County, Virginia. In that action, Mr. and Mrs. Thomas H. Taylor, parents of the decedent, disclaimed their shares of any award the jury might make; the jury was instructed that if a verdict was returned in favor of plaintiffs, the award was to be divided solely among the siblings of the decedent. After trial on the merits, a jury verdict was returned for defendant Anderson. Shortly thereafter, Anderson, with leave of court, amended his answer in the District Court, asserting that the plaintiffs in the federal court actions were estopped by the judgment of the state court to maintain any further actions against him arising out of the automobile accident on October 21, 1958.[4] The District Judge granted Anderson's motion for summary judgment on the ground that the state court jury's determination that Anderson was not responsible for the accident estopped plaintiffs from relitigating that same issue of fact. It is from that order that this appeal was taken.

Plaintiffs present here two closely related issues: (1) Whether a final judgment for defendant in the state wrongful death action is binding on the beneficiaries as to their individual claims for personal injuries asserted in a subsequent action against the same defendant; (2) whether Thomas H. Taylor can, by disclaiming his statutory right to participate in the unlawful death award, effectively avoid the estoppel created by the final determination in the unlawful death case which would otherwise bar his subsequent personal action against Carl Anderson.

■ The principal issue before us is whether the District Judge correctly held that the proceedings in the state court operated to bar further proceedings in the instant case. Under the doctrine of res judicata, a judgment on the merits in a suit involving the same parties or their privies bars a second or subsequent suit based on the same cause of action. Lawlor v. National Screen Service Corp., 349 U.S. 322, 326, 75 S.Ct. 865, 99 L.Ed. 1122 (1955); Petrus v. Robbins, 196 Va. 322, 83 S.E.2d 408, 412 (1954); Patterson v. Saunders, 194 Va. 607, 74 S.E.2d 204, 207, cert. denied 345 U.S. 998, 73 S.Ct. 1132, 97 L.Ed. 1405 (1953). It is undisputed that there was a final determination and judgment in the state court that Anderson's negligence, if any, was not a proximate cause of the accident of October 21, 1958. There is no apparent dispute that the same cause of action is the basis of both the state suit and the present federal action. Certainly, all of this litigation results from the one automobile accident. The only question is whether the plaintiffs in the federal action, though not identical with the plaintiffs in the state suit, are in privity with them.

■ The state case was styled "THOMAS H. TAYLOR * * * and LAWRENCE M. TRAYLOR * * * as

---

of the estate of Herbert Taylor, deceased, in Baltimore, Maryland, and was therefore not qualified to act in a representative capacity in Virginia, Mrs. Taylor moved not only to quash service of process upon her but also to dismiss as to her individually and as such executrix. The District Court dismissed the action of the coadministrators as to defendant, Anderson, and as to defendants Ethel P. Taylor, individually and as executrix of the estate of Herbert Taylor, deceased, because of the lack of jurisdiction and venue.

3. In their brief in this court, appellants argue that the District Judge erred in ruling that federal jurisdiction was destroyed by the addition of the Virginia coadministrator as a plaintiff. This point was abandoned at the oral argument.

4. Anderson's amended answer refers to an automobile collision on October 21, 1959, but apparently this is in error. The complaint, filed on October 30, 1959, alleges that the accident occurred in 1958.

Co-Administrators of the Estate of Ronald TAYLOR, Deceased, Plaintiffs, vs. CARL ANDERSON * * *, Defendant." The complaint in the District Court is styled as follows (omitting those parties as to whom the case was dismissed for lack of federal jurisdiction and venue and the addresses of all parties): "CARROLL TAYLOR, JACQUELINE TAYLOR, and MICHAEL TAYLOR (Minors, by Thomas H. Taylor * * *, Their Next Friend), * * * and THOMAS H. TAYLOR, Plaintiffs, vs. CARL ANDERSON * * * [Defendant]." It appears of record that the three minors named in the latter complaint are siblings of the decedent, Ronald Taylor, and are thus beneficiaries under the wrongful death statute, Code of Virginia (1950) § 8–636. The state suit was prosecuted on their behalf and was not for the benefit of the minor decedent's general estate. Conrad v. Thompson, 195 Va. 714, 80 S.E.2d 561, 566 (1954); Grady v. Irvine, 254 F.2d 224, 228 (4th Cir.), cert. denied 358 U.S. 819, 79 S.Ct. 30, 3 L.Ed.2d 60 (1958), (applying Virginia law). Under Virginia law, which is to be applied here, there can be no doubt that at least the minor plaintiffs in the case at bar were in privity with the plaintiffs in the state suit. The District Court was correct in holding that the state judgment was a bar to the children's action in the federal court.

We are of the opinion that the District Judge was correct also in holding that the father's individual action was barred by the earlier state court judgment, but the circumstances with respect to that aspect of the case are somewhat different from those involving the children's action. As has been noted, the father and mother of the minor decedent in the wrongful death action, although beneficiaries under the wrongful death statute, disclaimed their shares in the jury's award, if any, prior to the time the jury retired to consider its verdict. The father now argues that, as a coadministrator, he was only a nominal party to the wrongful death litigation, had no pecuniary interest therein and is not bound by the judgment. For this proposition he relies on Restatement of the Law of Judgments § 85(1) (1942), illustration 13, but this authority does not aid or support him here. That section provides, in pertinent part, that where a judgment is rendered in an action in which a party thereto properly acts on behalf of another, the other is not bound by the rules of res judicata with reference to his interests not controlled by the party to the action. Illustration 13 is merely expositive of the point just indicated.

We reach the conclusion that Thomas H. Taylor was a statutory beneficiary in the wrongful death action and not, as he claims, just a nominal party thereto and that he is bound by the verdict and judgment in that case. His disclaimer of any interest in the award was but a gift of his anticipated share therein to his children and was in no sense a repudiation of the authority of the coadministrators to sue on his behalf and thus cause him to be bound by any judgment as it might affect his interests.

Our attention is called to Chicago, R. I. & P. Ry. v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757 (1926). That case is similar in some respects to the one at bar and we find in it support for the conclusion we have reached. Plaintiffs rely on Jackson v. Blue, 152 F.2d 67 (4th Cir., 1945); Owen v. Dixon, 162 Va. 601, 175 S.E. 41 (1934); and Cooper v. Pickett, 202 Va. 65, 116 S.E.2d 52 (1960). We have examined those cases but will not discuss them as we find them inapposite.

Affirmed.