## 𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫

Toufic Doummar, An Incompetent, Etc. v. Maurice Doummar, Individually, Etc., Et Al.

September 5, 1969.

Record No. 6992.

Present, All the Justices.

*Jeffrey G. Haverson; H. Lee Kanter* (*Kanter and Kanter*, on brief), for appellant.

*Herman A. Sacks* (*Sacks, Sacks & Tavss*, on brief), for appellees.

Carrico, J., delivered the opinion of the court.

This appeal presents the question whether the trial court erred in sustaining a plea of res judicata in the second of two proceedings involving the estate of Toufic Doummar, an incompetent. The controversy pits the incompetent who sues by a son as his next friend against a daughter and another son who are his committees.

In the first proceeding, brought in the Circuit Court of the City of Virginia Beach, Claire Doummar Berny and Maurice Doummar, committees of Toufic Doummar, filed a bill of complaint seeking the sale of certain unimproved property owned by the incompetent.

Named as parties defendant were the incompetent and his children, namely, Habib E. Doummar, Henry Doummar, Claire Berny, and Maurice Doummar. The cause was referred to a commissioner in chancery who held a hearing and recommended sale of the property because the income of the incompetent was insufficient for his maintenance and support. The report of the commissioner was confirmed, and the sale was ordered by the court.

In the second proceeding, brought in the Circuit Court of the City of Norfolk, the complainant Toufic Doummar, an incompetent, by Habib Doummar, his court-appointed next friend, filed a bill of complaint against the defendants Maurice Doummar and Claire Berny, individually and as committees of Toufic Doummar. In the bill, the complainant sought to have declared void a lease of improved property between Toufic Doummar as owner and lessor and Maurice Doummar as lessee.

The defendants filed a "Special Plea of Res Adjudicata" in the second proceeding. The plea asserted that "the lease referred to in the Bill of Complaint in the instant suit was adjudicated to be a valid lease" in the first proceeding.

The trial court, after a hearing, sustained the plea of res judicata and dismissed the bill of complaint. The complainant was granted an appeal.

The bill of complaint filed in the present suit alleged that the lease between Toufic Doummar and his son Maurice was a forgery because although it was dated in 1959 and purportedly executed by Toufic Doummar before he was declared incompetent in 1960, it was not in fact executed until long thereafter. At the hearing on the plea of res judicata, the complainant asserted that the lease could be proved a forgery because the paper on which it was written bore a secret watermark showing that the paper was not manufactured until 1963, or four years after the lease was purportedly executed.

The defendants contend that the issue of the validity of the lease was litigated and determined in the first proceeding, or could have been so litigated and determined, and that the second proceeding is, therefore, barred. They point to the record of the first proceeding where Habib Doummar, one of the parties defendant in that litigation, introduced the lease into evidence in the hearing before the commissioner in chancery. The defendants also point out that Habib Doummar filed exceptions to the commissioner's report stating that "the Commissioner erred in failing to find that the lease . . . is a nullity."

The complainant contends that the issue of the validity of the lease was not litigated and determined in the first proceeding and that since the second proceeding is upon a different cause of action, it is not barred. The complainant says that the lease was introduced in evidence before the commissioner in chancery because it was an asset of the estate and its inspection was necessary in determining whether the income of the incompetent was sufficient for his support.

The complainant further says that the defendants admitted in the first proceeding that the question of the validity of the lease was not there involved. In this regard, the complainant points to the fact that the defendants filed a motion to strike Habib Doummar's exceptions to the commissioner's report, which motion stated that "the validity of the lease referred to in the said exceptions was not in question."

The principles applicable to the resolution of a dispute such as this are well settled. In *Kemp* v. *Miller*, 166 Va. 661, 674-675, 186 S.E. 99, 103-104 (1936), it is stated:

> " 'When the second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is conclusive of the latter, not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined, within the issues as they were made or tendered by the pleadings, or as incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered. As to such matters a new suit on the same cause of action cannot be maintained between the same parties' . . . .
>
> "This doctrine does not apply, however, where the second action between the same parties is upon a different claim or demand. . . .
>
> " '. . . [W]here the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action; not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action.' "

The question thus posed is whether the cause of action asserted in the present suit is the same as that advanced in the first proceeding. Obviously, the causes of action involved in the two proceedings are not the same. The first was a statutory proceeding for the sale of certain property of the incompetent. The second, to have declared void a lease of other property owned by the incompetent, is an equitable proceeding sounding in fraud and predicated upon an alleged breach of the fiduciary duty owed by a committee to his ward.

In order, therefore, for the decree in the prior suit to be conclusive of the issue of the validity of the lease, it must appear from the record of the earlier proceeding that such issue was "actually litigated and determined." We have searched the record of the prior suit and find that the issue was not there litigated and determined.

In the bill of camplaint filed in the first suit, in the answers filed in response thereto, in the decree referring the cause to the commissioner in chancery, in the report of the commissioner, and in the decree confirming the report and ordering the sale of the incompetent's unimproved property, no mention is made of the lease in question. The transcript of the hearing before the commissioner contains general references to the lease, but the transcript also shows that no evidence was submitted to the commisioner concerning the alleged forgery of the lease.

The only indication in the record of the first suit that the commissioner and the court took any cognizance of the lease appears from the facts that the commissioner admitted it into evidence and that the court stated in a letter opinion that it had "read . . . the lease." It was proper and necessary, however, that the lease be admitted into evidence before the commissioner and that it be read by the court. But that does not mean that either the commissioner or the court determined the validity of the lease.

The lease was valid on its face, and it was an asset of the incompetent's estate. It called for a rental of $100.00 per month. The real issue before the commissioner and the court, as stated in the decree of reference, was whether the income of the incompetent was insufficient for his maintenance and support, necessitating the sale of a portion of his property. The income of the incompetent, which included the rental under the lease and Social Security payments, was shown to be not sufficient to meet the fixed expenses of his care. And so, the sale was ordered—an action the court properly could take without determining the actual validity of the lease.

We do not overlook the fact that Habib Doummar filed exceptions to the commissioner's report in which he stated that "the Commissioner erred in failing to find that the lease . . . is a nullity." From that and the lack of anything else in the record of the first suit, the only inference that may be drawn is that Habib Doummar attempted to make an issue of the validity of the lease. In any event, whatever effect the filing of the exceptions might have had, such effect was nullified by the declaration of the committees in their motion to strike that "the validity of the lease referred to in the said exceptions was not in question."

It is obvious from the record of the first suit that the court agreed with the committees and left to another day and another proceeding the determination of the issue of the validity of the lease. The court merely overruled Habib Doummar's exceptions and confirmed the commissioner's report without making any ruling concerning the lease other than was necessary in finding that the income of the incompetent was insufficient for his support.

The decree in the first suit did not, therefore, bar inquiry into the validity of the lease in the second proceeding. It was error for the trial court to sustain the plea of res judicata. For that error, the decree appealed from will be reversed and the cause remanded for further proceedings.

*Reversed and remanded.*