Robert C. **KRIESEL**, Appellee,

v.

**BERKSHIRE ASSOCIATES, INC.,**
et al., Appellants.

Robert C. **KRIESEL**, Cross-Appellant,

v.

**BERKSHIRE ASSOCIATES, INC.,**
et al., Cross-Appellees.

Nos. 71–1454, 71–1455.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 3, 1971.

Decided Dec. 28, 1971.

---

Donald S. Caruthers, Arlington, Va., for appellants, Berkshire Associates, Inc., Onward R. Leggett, Clifton D. Mayhew, David B. Saville, Herman Grenadier, and E. Lakin Phillips in No. 71–1454 and appellee in No. 71–1455.

Paul Lee Sweeny, pro se, for Paul Lee Sweeny, Trustee, in Nos. 71–1454 and 71–1455.

Jesse B. Wilson, III, Fairfax, Va. (McCandlish, Lillard & Marsh, Fairfax, Va., on brief), for appellee in No. 71–1454 and appellant in No. 71–1455.

Before WINTER, CRAVEN and FIELD, Circuit Judges.

WINTER, Circuit Judge:

As part of the redemption of a mortgage on real property owned by Berkshire Associates, Inc., which was being foreclosed in the Circuit Court of Prince William County, Virginia, the property was conveyed to Paul Lee Sweeny, as trustee, under a deed of trust. The deed of trust was to secure advances, made by the plaintiff, Herbert C. Kriesel, and the other individual defendants, to pay Berkshire's more pressing obligations. The trustee, *inter alia*, was authorized to sell the property and disburse the pro-

ceeds to pay the debts of Berkshire and to distribute the balance, if any, as provided in the trust instrument. The property had been originally owned by Kriesel and had been conveyed by him to Berkshire. Kriesel was an organizer, promoter and stockholder of Berkshire.

Administration of the trust came under the jurisdiction of the district court, as a result of litigation instituted by Kriesel which invoked the district court's diversity jurisdiction. The property was sold at public auction and a special master recommended that the trustee's proposed manner of distribution of the proceeds of sale be approved. The district judge modified the recommendation to allow plaintiff the additional claim of $5,000.00, and defendants appealed (No. 71–1454). Kriesel has also appealed (No. 71–1455), contending that the trust was improperly executed by Sweeny, that Sweeny should have been removed, the sale set aside and the property resold.

We find no merit in Kriesel's appeal, but we think that there was error on the part of the district court in modifying the special master's recommendation so as to allow Kriesel the additional claim of $5,000.00 in distribution of the proceeds of sale. We affirm in part and reverse in part.

## I

Kriesel's contention that Sweeny improperly executed his trust is founded upon the assertion that Sweeny failed to make a bona fide attempt to get the best possible price for the property at the sale he conducted. It is conceded, however, by Kriesel's counsel, as well as by Kriesel in a request for admissions of fact, that the record shows that Sweeny did all by way of the place, manner and duration of advertising and all other steps to effect the sale that the Virginia law requires of a trustee. Kriesel's argument is simply that Sweeny should have done more in the way of advertising and that if he had he might have realized a price nearer an alleged "appraisal," which Kriesel never saw fit to offer into evidence. We think the argument manifestly lacking in merit. As the district judge concluded, there is simply no evidence that the property was not properly advertised and sold at a properly conducted sale. Significantly, the property brought $190,000.00 and the only appraisal testimony in the record fixed its value at $150,000.00. We agree that there was no ground to remove Sweeny or to set aside the sale.

## II

Although defendants dispute it, we accept as correct, for purposes of this appeal, the finding of the district judge that Kriesel advanced $5,000.00 for the benefit of Berkshire in the spring of 1961 *prior* to the time that the property was conveyed to Berkshire. The special master recommended disallowance of the claim, because, on ample evidence, he found that Kriesel had filed suit in the Circuit Court of Prince William County, Virginia, in 1963, against Sweeny, Berkshire, and others, in which, *inter alia*, Kriesel alleged that he had made advances of $3,500.00 for and on behalf of Berkshire, *after* he conveyed the property to it and that the advances were not repaid. As part of the relief sought, Kriesel prayed that he recover damages for all of his losses. This claim was denied by the state court on its merits on the ground that there was no evidence to show that Berkshire had authorized the advance and, hence, had expressly or impliedly agreed to repay it. Kriesel did not appeal, but then instituted the instant case.

Given these facts, the special master concluded that the Virginia law of *res judicata* barred assertion of the $5,000.00 claim in the instant case since, if not raised, it might have been raised and determined within the issues or as incident to or essentially connected to the subject matter of the litigation. Because the $5,000.00 claim was not actually litigated in the earlier state court proceeding, the district judge was of the view that plaintiff was not barred by the Virginia doctrine of *res judicata* from litigating it in the district court. We disagree,

**494**

and conclude that the special master was correct.

 The Virginia law of *res judicata* was set forth in Kemp v. Miller, 166 Va. 661, 674, 186 S.E. 99, 103 (1936), where it was said:

When the second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is conclusive of the latter, not only as to every question which was decided, *but also as to every other matter which the parties might have litigated and had determined, within the issues as they were made or tendered by the pleadings, or as incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered.* As to such matters a new suit on the same cause of action cannot be maintained between the same parties. (Emphasis added.)

This verbatim statement continues to be the Virginia rule. Doummar v. Doummar, 210 Va. 189, 169 S.E.2d 454 (1969); Eason v. Eason, 204 Va. 347, 131 S.E.2d 280 (1963). See also, Thomas v. Consolidation Coal Co., 380 F.2d 69 (4 Cir. 1967); Gullo v. Hirst, 332 F.2d 178 (4 Cir. 1964) (per curiam). And, as a corollary, Virginia does not permit a cause of action to be split and prosecuted piecemeal in successive actions. Deal v. C. E. Nix & Son, Inc., 206 Va. 57, 141 S.E.2d 683 (1965); Gary Steel Products Corp. v. Kitchin, 197 Va. 471, 90 S.E.2d 120 (1955).

We think that the Virginia rule bars the assertion of the $5,000.00 claim in the instant case, not because it was actually litigated in the prior state court proceeding, but because it could have been litigated within the issues raised by the pleadings or was incident to or essentially connected with the subject matter of the earlier suit. Both suits were between the same parties; in both Kriesel sought to have someone other than Sweeny take possession of the property and dispose of it, and in both

Kriesel sought repayments of the amounts due him by Berkshire. When the state court proceeding was instituted the alleged $5,000.00 claim for advances prior to the time that Berkshire obtained the property was in existence, as well as the $3,500.00 claim for advances made after Berkshire acquired the property, which was actually litigated. No reason has been suggested why the former could not have been litigated in the state court along with the latter. It, too, is alleged to be a sum due Kriesel from Berkshire. Indeed, successive advances of the type alleged take on the nature of a running account which, as said in the *Nix* case, may not be split up and prosecuted piecemeal in successive actions. We, therefore, conclude that Kriesel's claim was barred and its allowance must be reversed.

Approved in part; reversed in part.