**Nina Helen ALDERMAN, Administratrix, etc.**

**v.**

**CHRYSLER CORPORATION et al.**

**Civ. A. No. 79–0331–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Nov. 2, 1979.

Isreal Steingold, Steingold & Steingold, Virginia Beach, Va., for plaintiff.

J. E. Clarkson, Norfolk, Va., for defendant.

## MEMORANDUM

WARRINER, District Judge.

### I

Charles Elvis Alderman was killed in an automobile accident on 5 January 1969. Plaintiff Nina Alderman, the deceased's widow, was a passenger in the car when the accident occurred and suffered personal injuries. The car in which plaintiff and her husband were riding was manufactured by defendant Chrysler Corporation and was sold by it to defendant Chrysler Motors Corporation. By successive sales the vehicle eventually was purchased by one Margaret Alderman from a Chrysler dealer, McGrady Motor Company, Inc. The latter two entities are not parties to this suit.

Soon after the accident Nina Alderman filed two law suits in the Circuit Court of Charlotte County, Virginia. She sued Chrysler Corporation, Chrysler Motors Corporation, and McGrady Motor Company, Inc., for her personal injuries. She also sued the same defendants in her capacity as Administratrix of the Estate of Charles Alderman for the wrongful death of her husband. A third suit was filed against the same defendants by Margaret Alderman for property damage to her car.

The three cases were consolidated for trial. During the trial Nina Alderman as Administratrix and Margaret Alderman took nonsuits. In the remaining action the

State court ruled that Nina Alderman, individually, failed to prove her case against any of the defendants and thereupon struck the evidence and entered judgment for the defendants. That decision has been affirmed on appeal by the Supreme Court of Virginia.

Nina Alderman now brings this suit in federal court as Administratrix of the Estate of Charles Alderman and seeks damages for wrongful death. The defendants have moved to dismiss plaintiff's complaint based on pleas of res judicata and collateral estoppel. Plaintiff has not responded to defendants' motion. The issue is ripe for determination.

## II

Plaintiff is a citizen of the Commonwealth of Virginia. Defendants are corporations organized and existing under the laws of the State of Delaware, with their principal place of business in the State of Michigan. The amount in controversy, exclusive of interest and costs, exceeds the sum of $10,000.00. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

■ The Court notes that venue does not lie in this judicial district.[1] The defendants filed a timely motion to dismiss for improper venue, along with their answer and plea of res judicata. The defendants' motions were denied without prejudice because they did not comply with a rule of practice for the Eastern District of Virginia.[2] Defendants subsequently conformed their plead-ings with the Local Rules and renewed their motion to dismiss based on res judicata and collateral estoppel. The defendants did not renew their motion to dismiss for improper venue, however, and the Court therefore regards venue as waived. Fed.R. Civ.P. 12(h)(1).

## III

■ Because this is a diversity case the Court is obligated to apply the substantive law of the State in which it sits. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Accordingly, the Court will evaluate the defendants' pleas of res judicata and collateral estoppel under the laws of the Commonwealth of virginia. *See Graves v. Associated Transport, Inc.,* 344 F.2d 894 (4th Cir. 1965).

■ In Virginia, a judgment of nonsuit does not operate as a bar to a subsequent suit between the same parties on the same cause of action. *Payne v. Buena Vista Extract Co.,* 124 Va. 296, 98 S.E. 34 (1919). The only effect of a nonsuit is to put an end to the pending litigation without prejudice to either party. *Cf. Thomas Gemmell, Inc. v. Svea Fire & Life Ins. Co.,* 166 Va. 95, 184 S.E. 457 (1936) (later suit in State court); *Popp v. Archbell,* 203 F.2d 287 (4th Cir. 1953) (later suit in federal court.)[3] Therefore, the prior suits in State court for property damage by Margaret Alderman, the car owner, and the wrongful death action by Nina Alderman as Administratrix of Charles Alderman's estate are of no legal

---

1. 28 U.S.C. § 1391(a) provides that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." In this case the accident occurred, and thus the claim arose, in Charlotte County, Virginia. The plaintiff Nina Alderman qualified as Administratrix of the Estate of Charles Alderman in Carroll County, Virginia. Both Charlotte and Carroll counties are in the Western District of Virginia. 28 U.S.C. § 127(b). The defendants, as noted, are foreign corporations incorporated in the State of Delaware with their principal offices in the State of Michigan.

2. Local Rule 11(F) requires that all but certain specifically excepted motions be accompanied by a written brief. None of defendants' original motions was so supported.

3. After a nonsuit, a new suit on the same cause of action must be brought in the same court in which the nonsuit was suffered, unless that court is without jurisdiction, is of improper venue, or other good cause is shown for proceeding in another court. Va.Code § 8.01–380(A) (Repl.Vol. 1977). This limitation does not apply to a new suit in a federal court having proper jurisdiction. *Popp v. Archbell,* 203 F.2d 287 (4th Cir. 1953). *See generally* Sweeney, *Nonsuit in Virginia,* 52 Va.L.Rev. 751 (1966); Comment, *The Voluntary Nonsuit in Virginia,* 7 Wm. & Mary L.Rev. 357 (1966).

consequence here. They will. not be further considered or referred to in this opinion. The Court will consider only the suit in State court brought by Nina Alderman, individually, for personal injuries, a suit which resulted in judgment on the merits for the defendants.

█ The distinction between the related doctrines of collateral estoppel and res judicata was stated succinctly by the Supreme Court in a recent case:

> Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action.

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5, 99 S.Ct. 645, 649 n.5, 58 L.Ed.2d 552 (1979). The Virginia courts make a like distinction. *See, e. g. Bates v. Devers*, 214 Va. 667, 202 S.E.2d 917 (1974); *Doummar v. Doummar*, 210 Va. 189, 169 S.E.2d 454 (1969); *Kemp v. Miller*, 166 Va. 661, 186 S.E. 99 (1936).

█ Collateral estoppel and res judicata serve the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy, and of promoting judicial economy by preventing needless litigation. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 328–29, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Bates v. Devers*, 214 Va. 667, 202 S.E.2d 917 (1974). Two classic maxims of the law represent these objectives. *Nemo debet bis vexari pro eadem causa* and *interest republicae ut sit finis litium*.

The defendants argue that because Mrs. Alderman failed to prevail in State court on the personal injury claim, she is precluded, by res judicata and related doctrines, from maintaining in federal court a wrongful death action in her capacity as Administratrix of the Estate of Charles Alderman. Defendants would have this Court find that Nina Alderman, in her capacity as Administratrix, is the same party as the plaintiff in the State proceeding; that the statutory wrongful death beneficiaries of Charles Alderman's Estate were in privity with the parties to the State proceeding; and that both suits are based on the same cause of action. For the reasons that follow, the Court accepts the defendants' first contention but rejects the remaining two.

### 1. *Same Party*

The general rule is that a judgment has conclusive force only between persons who were parties to the prior proceeding or who were in privity with them.[4] *Ciaffone v. Community Shopping Corp.*, 195 Va. 41, 77 S.E.2d 817 (1953); *Ferebee v. Hungate*, 192 Va. 32, 63 S.E.2d 761 (1951). Named plaintiff in the State proceeding was Nina Alderman, individually; Nina Alderman, Administratrix, is named plaintiff here. Two of the three defendants in the State proceeding are the defendants here.[5] These apparent similarities mask significant differences. In State court Nina Alderman brought suit individually to recover for her personal injuries; she brings this suit in her capacity as Administratrix of the Estate of Charles Alderman. Further, the beneficiaries of Charles Alderman's Estate, who are the real parties in interest here, were not represented as such in Nina Alderman's State court litigation.

---

**4.** Exceptions to this rule are represented by the doctrines of offensive and defensive collateral estoppel, under which a new party to a second suit is entitled to assert estoppel against a party who has litigated and lost in an earlier action. These doctrines, which have no application here, signal a retreat from the traditional requirement of mutuality. *Cf. Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) (offensive collateral estoppel); *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971) (defensive collateral estoppel).

**5.** McGrady Motor Company, Inc., a defendant in State court, has not been named in this suit. If McGrady Motors were a party defendant, the Court would lack diversity jurisdiction.

When a judgment is rendered against a person in a suit in which he is acting solely on his own account, the rules of res judicata do not prevent a subsequent action in which he is a party *solely* in a representative capacity or is otherwise acting *solely* for the benefit of another. Restatement of Judgments § 80(1) (1942). By rote application of this rule, the State court judgment against Mrs. Alderman would not bar the present suit. Mrs. Alderman sought relief in State court as an individual; here she seeks relief in her capacity as Administratrix of Charles Alderman's Estate. Several considerations, however, militate against a mechanical application of the rule in this instance.

Although Nina Alderman brings this suit as representative or Administratrix of Charles Alderman's Estate, Mrs. Alderman, as widow, is one of the beneficiaries of that estate under Virginia's Death by Wrongful Act statute. Va.Code § 8.01–53 A(ii) (Repl. Vol. 1977).[6] Accordingly, Mrs. Alderman asserts not only the rights and interests of others, but also—because she too is a beneficiary—her own rights and interests. The Court thus regards Mrs. Alderman not merely as a nominal party, but as one of the real parties in interest.

To support their charge that Nina Alderman should be wholly precluded from maintaining the present suit, defendants rely principally on *Taylor v. Anderson*, 303 F.2d 546 (4th Cir. 1962) (applying Virginia law). In *Taylor*, an automobile accident resulted in the death of a young boy and injury to his three siblings. The boy's father, as co-executor of the estate, and the injured children, as statutory wrongful death beneficiaries, brought suit in State court against the driver of one of the cars involved in the collision. The parents of the deceased child disclaimed their statutory share to any wrongful death damages awarded. After a trial on the merits, the jury returned a verdict for the defendant and judgment was entered accordingly.

The children and their father then pressed their claims in federal court. In addition to the children's personal injury claims, the father sued individually for medical expenses incurred and to be incurred by him for the injured children. The defendant asserted that the plaintiffs were estopped by the judgment of the prior State wrongful death proceeding. The district judge agreed and granted summary judgment "on the ground that the State court jury's determination that [the defendant] was not responsible for the accident estopped plaintiffs from relitigating that same issue of fact." 303 F.2d at 548.

On appeal the injured children, by their next friend, argued that the district court had erred in ruling that the State court judgment against them as statutory wrongful death beneficiaries precluded them from asserting individual claims for personal injury. The father on appeal argued that having disclaimed his statutory right to participate in the damage award, he was only a nominal party to the State litigation, having no pecuniary interest, and thus was not bound by the judgment.

The Fourth Circuit was persuaded by neither argument. The suit in State court was prosecuted on behalf of the three minors; accordingly, there was "no doubt" that the minor plaintiffs before the federal court were in privity with the plaintiff in the State suit. 303 F.2d at 549. Second, although the deceased child's father had disclaimed a share of a wrongful death award, he was bound by the verdict and judgment of the State court. In the Fourth Circuit's view, the disclaimer was in essence a gift of the father's anticipated share to the three surviving children; the father, as donor, was more than a nominal party to the State court suit. 303 F.2d at 549.

There are important similarities and dissimilarities between the present case and *Taylor*. The minor plaintiffs in *Taylor*

---

**6.** The statute provides that "[t]he damages awarded . . . shall be distributed . . . to (i) the surviving spouse, children, and grandchildren of the deceased, or (ii) if there be none such, then to the parents, brothers, and sisters of the deceased . . .." Va.Code § 8.01–53 A (Repl. Vol. 1977).

were parties or privies to the State court proceeding and to the federal court proceeding; the suit in State court was on their behalf as beneficiaries, while in federal court they sued individually. In the instant case the beneficiaries of the Estate of Charles Alderman were not parties to the personal injury suit in State court brought individually by Nina Alderman; while here the beneficiaries are the real parties in interest. In *Taylor* the deceased child's father sued as co-executor and statutory beneficiary in State court, and thereafter brought suit individually in federal court. Here the reverse is true. Mrs. Alderman sued and lost in an individual capacity; she now sues as Administratrix on behalf of the statutory wrongful death beneficiaries, of which she is one.[7]

■ If the *Taylor* decision dictates a result in this case, it is that Nina Alderman, insofar as she is a statutory beneficiary of the Estate of Charles Alderman, is collaterally estopped from relitigating in this Court for her individual benefit issues conclusively determined by the trial on the merits in State court. Underlying the proposition that the rules of res judicata do not prevent an individual litigant from again suing the same party on the same cause of action, but in a representative or different capacity, "is the idea that substance, rather than form, should determine the persons for and to whom the conclusive force of a judgment extends." 1B J. Moore & T. Currier, Moore's Federal Practice § 0.411[3] at 1423 (1974). Generally different interests are represented by a person bringing suit as an individual and thereafter bringing suit as an Executor or Administrator.[8] But when the litigant as representative is a beneficiary of the estate he represents, his own interests necessarily are at stake. Nina Alderman has had a full and fair opportunity to assert claims against the defendants named in this suit; she should not now be allowed, insofar as her own interests are concerned, to press the same claims against the same defendants.[9]

7. Controversy exists about whether one who first sues as a fiduciary or in a representative capacity, while also a beneficiary of the interests he represents, is precluded thereafter from presenting the same issue to another court as an individual, or vice versa. The differing approaches to this problem are illustrated by *Chicago, Rock Island & Pacific Ry. Co. v. Schendel*, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757 (1926), which would disallow the later suit, and *Campbell v. Asher*, 320 Mass. 475, 70 N.E.2d 302 (1946), which would not. For brief commentary on the case, *see* 35 Yale L.J. 1016 (1926). *See also Jamison v. Garrett*, 92 U.S. App.D.C. 232, 205 F.2d 15 (1953); *Brown v. Lochridge*, 10 Ill.2d 254, 139 N.E.2d 762 (1957); *Shearn v. Orlando Funeral Home*, 88 So.2d 591 (Fla.1956); *Gibson v. Solomon*, 136 Ohio St. 101, 23 N.E.2d 996 (1939); *Keith v. Willers Truck Service*, 64 S.D. 274, 266 N.W. 256 (1936).

The drafters of the Restatement could not reach agreement about how such a case should be resolved:

The Institute takes no position on the effect of a judgment for or against a person in an action brought for or against him as a representative of or because he is acting for beneficiaries in a subsequent action in which some but not all of the beneficiaries are the same as in the first action.

Restatement of Judgments § 80, Caveat at 361 (1942).

8. "Where a representative brings or defends an action, the real dispute is between the beneficiary and the third person; the dispute is not between the representative personally and the third person. Restatement of Judgments § 80, Comment 6 at 362 (1942).

9. This conclusion is supported by Professor Moore's analysis of a hypothetical case that is strikingly similar to this case:

Suppose . . . that X is killed, F's car is damaged and F injured in a collision in New York between F's car, driven by F, and a car driven by D. F is one of X's three children, who are the statutory beneficiaries of the claim for X's wrongful death. F individually has two causes of action . . .: one for personal injury and one for property damage. F sues D for property damage, and a judgment is rendered for D, which adjudicates that D was not negligent. The judgment is conclusive against F in a later suit against D for damages for personal injury, as to the issue of D's negligence. Suppose that F is X's administrator, and then brings a wrongful death action against D, in behalf of the three statutory beneficiaries, X's children, of whom F is one. While F is free, as representative, to litigate D's negligence again in behalf of the other beneficiaries, F as a beneficiary should be precluded, under the doctrine of collateral estoppel, from recovering damages for X's wrongful death, since the ques-

### 2. In Privity

 The Court having found that Nina Alderman as a beneficiary is barred from raising duplicate issues against these defendants, it does not follow that Nina Alderman is estopped from maintaining this suit in her capacity as representative of the *other* beneficiaries of the Estate of Charles Alderman.[10] Those beneficiaries were not parties to the prior State proceeding. Nor were they in privity with the parties to that suit. Privity under the rules of res judicata refers to persons who are not parties to an action but whose interests are connected with and affected by a judgment. Restatement of Judgments § 80, Comment a (1942); *Storm v. Nationwide Mut. Ins. Co.*, 199 Va. 130, 97 S.E.2d 759 (1957). The interests of the beneficiaries of Charles Alderman's Estate are related to those of Nina Alderman. But in State court Nina Alderman brought suit individually and represented her own interests; she did not represent the interests of the remaining beneficiaries.

 The right to "a day in court" is a right protected by the due process clauses of the federal Constitution. *Hansberry v. Lee*, 311 U.S. 32, 40, 61 S.Ct. 115, 85 L.Ed. 22 (1940). Thus it is a violation of due process for a judgment to be binding on a litigant who was neither a party nor a privy to an earlier suit, and therefore without an opportunity to be heard. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 329, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). As to the issues decided in the State proceeding, Nina Alderman has had her day in court; as to those issues she is not entitled to a second day. Beneficiaries other than Nina Alderman, however, were not parties or in privity with the parties to the suit in State court. Accordingly, they are entitled to be heard.

tion of D's negligence has been already litigated and decided negatively as between F and D.

1B J. Moore & T. Currier, Moore's Federal Practice § 0.411[3] at 1445 (2d ed. 1974) (footnotes omitted).

### 3. Same Cause of Action

 In order for the doctrine of res judicata to apply, the two successive suits not only must be between the same parties or their privies, but also must be based on the same cause of action. Under the doctrine of collateral estoppel, by contrast, the second suit is on a different cause of action and the prior judgment precludes reconsideration of issues actually litigated and necessary to the outcome of the first action. *See generally*, 1B J. Moore & T. Currier, Moore's Federal Practice § 0.405[1], at 822–24 (2d ed. 1974).

 The "infallible" test of whether a second action involves the same cause of action as a prior suit is whether the facts essential to sustain the two suits are the same. *Bittner v. West-Virginia-Pittsburgh Coal Co.*, 15 F.2d 652, 655 (4th Cir. 1926); *Cohen v. Power*, 183 Va. 258, 32 S.E.2d 64 (1944). If judgment in the prior suit is rendered on the merits the cause of action is said to be extinguished, and the judgment bars subsequent proceedings on the same legal theory. Restatement of Judgments § 61 (1942).

The wrongful death suit before this Court presents a familiar products liability claim. Plaintiff alleges that the defendants breached express and implied warranties of merchantability by placing in the chain of commerce a defective and dangerously manufactured automobile, the proximate result of which was the death of Charles Alderman. The same allegations formed the basis of plaintiff's personal injury suit in State court, which resulted in a judgment on the merits for the defendants; defendants show that the Motion for Judgment in the prior proceeding is nearly identical to the complaint in this law suit.

10. Indeed, if Mrs. Alderman reasonably believes the claim is sound, it may be her duty to press the claim on behalf of the remaining beneficiaries. *Cf. Isbell v. Flippen*, 185 Va. 977, 41 S.E.2d 31 (1947) (a primary obligation of the personal representative is to collect the assets of an estate, and this includes the duty of reducing choses in action to judgment).

The substantive difference in the two law suits filed by plaintiff is what is alleged as the result of the breach of warranties. In State court the plaintiff argued—unsuccessfully—that the defective automobile proximately caused her personal injuries. In federal court plaintiff claims that the defective automobile proximately caused her husband's death. The persons named as parties plaintiff are different, the causes of action are different, but the essential question in both suits is the same: did the defendants breach express and implied warranties by manufacturing and selling a defective and dangerous automobile? This is the issue the State court confronted directly and resolved in the negative; the Court ruled that there was no liability on the Chrysler defendants.

## IV

The Court finds that Nina Alderman, insofar as she is a statutory beneficiary of the Estate of Charles Alderman, is collaterally estopped from relitigating the issue of whether the defendants breached express and implied warranties and placed into the chain of commerce a defective and dangerous automobile. Nina Alderman, as Administratrix of the Estate of Charles Alderman and as representative of the other statutory unlawful death beneficiaries, is not barred from maintaining this suit against the defendants. Those beneficiaries were neither party to nor were they in privity with parties to the suit in State court; accordingly, they are entitled to their day in court.

An appropriate order shall issue.