**Richard W. HUDGINS, Trustee,
Plaintiff/Appellant,**

**v.**

**Sherry Ann DAVIDSON,
Defendant/Appellee.**

Civ. A. No. 91–20–NN.

United States District Court,
E.D. Virginia,
Newport News Division.

May 9, 1991.

Roy H. Lasris, Buxton, Lasris, Soberick & Vannan, Yorktown, Va., for plaintiff.

Stephen A. Dunnigan, Richmond, Va., for defendant.

## ORDER

CLARKE, District Judge.

This matter came before the Court for hearing on the appeal of the bankruptcy trustee, Richard W. Hudgins, from a decision of the bankruptcy court granting the defendant/appellee's Motion for Summary Judgment and dismissing the trustee's Complaint to Revoke Discharge. For the reasons stated below, the decision of the bankruptcy court is REVERSED and REMANDED for further proceedings consistent with this opinion.

Defendant/appellee Davidson, the debtor in the original bankruptcy proceeding, filed her petition for relief pursuant to Chapter 7 of the Bankruptcy Code on December 9, 1988. One of the individual creditors, James Massey, filed a complaint in an adversary proceeding on April 3, 1989, alleging fraud by omission and misrepresentation of assets by Davidson. The complaint asked that defendant Davidson's debts be declared non-dischargeable based on the fraud of the debtor, and also requested that Massey receive a judgment for the amounts owed him by Davidson. On April 25, 1989, Massey sought and was granted leave to amend his complaint to allege additional facts in support of his fraud claim.

On July 31, 1989, Massey again requested that he be granted leave to amend his complaint to include further factual allegations in support of his fraud claim. The bankruptcy court denied this request as untimely, and the case proceeded to trial several days later on August 3, 1989. At the discharge hearing before Judge Bonney, the bankruptcy court found in favor of debtor/defendant Davidson on the creditor's claim of fraud and non-dischargeability, and consequently granted the debtor a discharge.

Approximately one year later, on July 28, 1990, the bankruptcy trustee filed a Complaint to Revoke Discharge, alleging essentially the same facts which the bankruptcy court had precluded Mr. Massey from including in his complaint by way of his proposed second amendment. Thus, the facts in support of the trustee's claim had not previously been considered by the bankruptcy court, although the trustee similarly alleged fraud by the debtor Davidson as the basis for revocation of the discharge, and employed the same counsel retained in the previous proceeding by Mr. Massey. Defendant Davidson filed a Motion for Summary Judgment in response to the trustee's complaint, requesting dismissal on the grounds that the trustee had knowledge of any fraud prior to the discharge, which would prevent revocation of the discharge pursuant to 11 U.S.C. § 727(d)(1), and also on the basis of res judicata and collateral estoppel.

A hearing on the Motion for Summary Judgment was held before Judge Bonney on November 2, 1990. The bankruptcy court first ruled that the trustee was not chargeable with the knowledge of the alleged fraud possessed by creditor Massey prior to the time of the discharge hearing, and denied the Motion on the section 727(d)(1) prior knowledge grounds. On the grounds of res judicata and estoppel, however, the court granted the Motion for Summary Judgment and dismissed the trustee's Complaint, finding that the second suit by the trustee presented "an identical situation." It is the trustee's appeal from this decision which is presently before this Court.

■ The doctrines of res judicata and collateral estoppel are closely related, and operate to protect litigants from the burden of relitigating an identical issue with the same party or one in privity with that party, as well as to promote judicial economy. *See Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 328–29, 91 S.Ct. 1434, 1442–43, 28 L.Ed.2d 788 (1971); *Watkins v. M. & M. Tank Lines, Inc.*, 694 F.2d 309, 311 (4th Cir.1982); *Alderman v. Chrysler Corp.*, 480 F.Supp. 600, 604 (E.D.Va.1979). These underlying policies are equally applicable to bankruptcy courts, and parties will not generally be accorded the opportunity to relitigate a claim previously determined by a court of competent jurisdiction. *In re Garafano*, 99 B.R. 624 (E.D.Pa.1989).

8

■ The distinction between the two doctrines is that:

> Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action.

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979).

Thus, the doctrine of res judicata precludes not only the relitigation of issues that were actually decided, but also issues which could have been presented for determination, where the same parties or their privies are involved. *Watkins*, 694 F.2d at 311. Therefore, any preclusive effect in this case must be based on principles of res judicata, not collateral estoppel, because the issues presented in the trustee's complaint, while generally based upon fraud, involve different factual allegations and were not "actually litigated" in the prior suit brought by the creditor.

■ Based on the principles set out above, the first issue facing the Court is the determination of whether there is identity of parties in the trustee's suit to revoke discharge and the prior action to deny discharge brought by the creditor, Mr. Massey. While obviously Mr. Massey and Mr. Hudgins are not the same party, defendant/appellee Davidson suggests that there is a relationship of privity between them sufficient to make creditor Massey's claim res adjudicata of Mr. Hudgins claim as trustee.

Although the failure of the bankruptcy court to charge trustee Hudgins with creditor Massey's knowledge of fraud would belie any privity relationship, privity exists for purposes of res judicata where two parties represent the interests of the same entity, and this relationship may exist between a creditor and a trustee in some cases. *See* 1B J. Moore, J. Lucas and T.

Currie, Moore's Federal Practice ¶ 0.411[1] (2d ed. 1984); *In re Dominelli*, 820 F.2d 313 (9th Cir.1987). In deciding whether the creditor and the trustee are in privity in this case, it should be remembered that the trustee here, and generally, is acting on behalf of all creditors equally, and not on behalf of any individual creditor. *See In re Bell & Beckwith*, 50 B.R. 422 (Bkrtcy.N.D. Ohio 1985); *Collier on Bankruptcy* ¶ 502.01. The creditor Massey, on the other hand, in his suit for denial of discharge, was acting mainly if not completely in his individual capacity, as is evidenced by his request for a judgment awarding him the amounts owed him by the debtor Davidson. It therefore does not appear that the interests of the same parties were being represented in the creditor's suit and the trustee's suit.

■ Furthermore, the Court notes that the "capacities rule," which relates to privity and represented parties under the res judicata doctrine, provides that a judgment is not binding on a party in a later suit brought by him in a different capacity. It follows from this that the interests of a represented party are protected from prejudice by a judgment in a suit in which only the individual interest of some other represented person has been put before the court. *See* 1B Moore's Federal Practice ¶ 0.411[3.–1]. Therefore, all other Davidson creditors, whose interests are being represented by the trustee in his action to revoke discharge, should not be precluded from bringing that claim through the trustee, based on the prior action to deny discharge brought by one creditor, Massey, acting in his individual capacity and in his own interest.

This result is consistent with the general res judicata principle that only parties or their privies may be bound by a prior judgment, and more specifically, that the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the claim. *See id.; Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 480, 102 S.Ct. 1883, 1896, 72 L.Ed.2d 262 (1982). Indeed, this Court has held that it is a violation of due process for a judgment to

be binding on a litigant who was not a party nor a privy to the earlier suit. *See Alderman*, 480 F.Supp. at 607. It cannot be said in this case that the trustee had an opportunity to litigate this claim previously, nor that the interests of all creditors were represented by a single creditor's suit to deny discharge. Therefore, the Court finds that identity of the parties has not been established, and the claim of the trustee is not precluded by the doctrine of res judicata.

Having ruled that there is no identity of the parties in this case, identity of the claim is no longer an issue, even if the trustee were attempting to bring his claim based on the same factual allegations made by creditor Massey in his prior claim. Therefore, the opinion of the bankruptcy court granting debtor/appellee's Motion for Summary Judgment and dismissing the trustee's Complaint on grounds of res judicata is REVERSED, and this case is REMANDED to the bankruptcy court for proceedings on the merits of the trustee's Complaint to Revoke Discharge.[1]

IT IS SO ORDERED.

---

1. The Court will reserve ruling at this time on how the principles of res judicata would affect whether creditor Massey is bound by or entitled to any benefits of a judgment made by the Bankruptcy Court on the merits of the trustee's claim for revocation of discharge, since Massey already litigated the fraud claim in an individual capacity. *See* Restatement (Second) of Judgments § 42(2). The issue has not been raised, but it may be necessary to consider it at some future time.