**POPP v. ARCHBELL.**

No. 6552.

United States Court of Appeals
Fourth Circuit.

Argued March 20, 1953.

Decided April 7, 1953.

288

Howard I. Legum, Norfolk, Va. (Louis B. Fine, Norfolk, Va., on brief), for appellant.

H. M. Woodward, Norfolk, Va., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from an order dismissing an action instituted in the court below by a citizen of Ohio against a citizen of Virginia to recover damages on account of personal injuries. The order of dismissal was based on the fact that a prior action to recover on account of the same injuries had been instituted in a Virginia state court and had been dismissed by that court without prejudice. The judge below held that, after this dismissal in the state court, the plaintiff was precluded from suing in the federal court on the same cause of action by reason of the Virginia nonsuit statute, Code of Virginia section 8–220, which provides:

> "A party shall not be allowed to suffer a non-suit unless he do so before the jury retire from the bar. And after a non-suit no new proceeding on the same cause of action shall be had in any court other than that in which the non-suit was taken, unless that court is without jurisdiction, or not a proper venue, or other good cause be shown for proceeding in another court."

We think that the court below was in error. Assuming without deciding that a dismissal without prejudice is equivalent to a nonsuit under the statute relied on, (a very doubtful proposition since upon nonsuit there is "prejudice" with respect to the choice of courts in which suit may be instituted), it is perfectly clear that the statute was intended to regulate procedure and practice in the courts of the state, see Barrett v. Virginian R. Co., 250 U.S. 473, 39 S.Ct. 540, 63 L.Ed. 1092, and was not intended to limit, as indeed it could not limit, the jurisdiction of courts of the United States. It will be noted that the effect of the statute is merely to limit the venue of any new action brought on the cause of action which has been nonsuited; and, of course, a state venue statute can have no application to courts of the United States. We look to state law to determine the substantive rights of the parties, Erie R. Co. v. Tompkins 304 U.S. 64, 58 S.Ct.

817, 82 L.Ed. 1188; but, where under state law there is a cause of action of which any state court would have jurisdiction, there is jurisdiction in the appropriate federal district court to entertain it if the requisites of federal jurisdiction are present. Singer Sewing Machine Co. of New Jersey v. Benedict, 229 U.S. 481, 486, 33 S. Ct. 942, 57 L.Ed. 1288. A statute limiting the right to entertain the suit in the court in which nonsuit was taken no more ousts the jurisdiction of the federal court than does a statute limiting the right to entertain a suit against a municipal corporation to a designated court of the county in which the corporation is situate. The case, we think, is one for the application of the ordinary rule that a nonsuit taken without prejudice in a state court does not bar a subsequent suit on the same cause of action in a federal court. Southwestern Greyhound Lines v. Buchanan, 5 Cir., 126 F.2d 179.

The statute is not like rule 41(a) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides that a dismissal operates as an adjudication upon the merits under certain circumstances and thus affects the substantive rights of the parties; but, even if it were given this effect, dismissal of the subsequent action upon a showing of the prior dismissal would not be proper, but defendant could take advantage of the point only by pleading the prior dismissal as res judicata. There is, of course, no question of res judicata arising upon a dismissal under the Virginia nonsuit statute or of any substantive rights of the parties being affected thereby. Its only effect is to limit the venue of any subsequent suit. That the jurisdiction of the federal court was not affected becomes plain when it is remembered that suing in the state court does not amount to an election between state and federal courts and that the pendency of an action for damages in a state court does not preclude the plaintiff from suing on the same cause of action in the federal court. As said in Kline v. Burke Construction Co., 260 U.S. 226, 230, 43 S.Ct. 79, 81, 67 L.Ed. 226.

"But a controversy is not a thing, and a controversy over a mere question of personal liability does not involve the possession or control of a thing, and an action brought to enforce such a liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending. Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res adjudicata by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case. The rule, therefore, has become generally established that where the action first brought is in personam and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded."

See also Hinton v. Seaboard Air Line R. Co., 4 Cir., 170 F.2d 892, certiorari denied 336 U.S. 931, 69 S.Ct. 739, 93 L.Ed. 1092, and cases there cited.

If the original action in the state court had been pending at the time this action was brought, it would not have precluded the institution of this action, nor would the reinstitution of the action in the state court have had that effect. A fortiori, action in the federal court was not precluded by dismissal of the action in the state court if this was without prejudice to the substantive rights of the parties.

The cases relied on by appellee are not in point. Guaranty Trust Co. of N. Y. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, related to the duty of the federal courts to enforce a state statute of limitations. Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520, held that state law governed as to what constituted commencement of action which would toll the running of its statute of limitations. Woods v. Inter-

state Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524, and Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832, held that causes of action made unenforceable in state courts by the law of the state could not be enforced in federal courts. Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537, held merely that a federal court would not enjoin suit in a state court brought to recover on a supersedeas bond given in the course of proceedings theretofore heard in that court. In Waybright v. Columbian Mutual Life Ins. Co., 6 Cir., 122 F.2d 245, the holding was that the question of res judicata is to be determined by reference to state law. None of these cases dealt with any such question as is involved in the case before us or held even inferentially that a state statute limiting venue after voluntary nonsuit could oust the federal courts of jurisdiction.

For the reasons stated, the order dismissing the action will be reversed and the cause will be remanded for further proceedings not inconsistent herewith.

Reversed.