**WINCHESTER HOMES, INCORPORATED, Plaintiff–Appellant,**

v.

**OSMOSE WOOD PRESERVING, INCOR-PORATED; Applied Research Group, Incorporated; Chesapeake Corporation, Defendants–Appellees.**

No. 93–1712.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 8, 1993.

Decided Oct. 19, 1994.

**ARGUED:** Michael Joseph McManus, Jackson & Campbell, P.C., Washington, DC, for appellant. Jack E. McClard, Hunton & Williams, Richmond, VA, for appellees. **ON BRIEF:** Benjamin V. Madison, III, Hunton & Williams, Read K. McCaffrey, Patton, Boggs & Blow, Baltimore, MD; Benjamin G. Chew, Patton, Boggs & Blow, Norfolk, VA, for appellees.

Before RUSSELL and WIDENER, Circuit Judges, and KEELEY, United States District Judge for the Northern District of West Virginia, sitting by designation.

Vacated and remanded by published opinion. Judge WIDENER wrote the opinion, in which Judge DONALD RUSSELL and Judge KEELEY joined.

## OPINION

WIDENER, Circuit Judge:

Winchester Homes, Inc. (Winchester) appeals the district court's dismissal of its suit against Osmose Wood Preserving Company, Inc. (Osmose), Applied Research Group, Inc. (ARGI), and Chesapeake Corporation (Chesapeake) (cumulatively, the defendants). The district court dismissed the case on the grounds that Winchester's prior suit against the defendants in the Circuit Court of Fairfax County, Virginia, supplied the law of the case as to all of Winchester's claims which had been dismissed with prejudice by the state court or resolved by summary judgment in favor of the defendants. We vacate the district court's orders dismissing Winchester's suit and remand the case to the district court for further proceedings.

■ In reviewing a district court's dismissal of a complaint, we must take the well-pleaded facts in the complaint as true, *Square D. Co. v. Niagara Frontier Tariff Bureau, Inc.*, 476 U.S. 409, 411, 106 S.Ct. 1922, 1924–25, 90 L.Ed.2d 413 (1986). However, some of the facts of this case considered by the district court revolve around materials outside the pleadings in the district court, for example, some of the pleadings, orders, and transcripts of hearings filed in the action in the Circuit Court of Fairfax County, Virginia. And, although many of them are subject to judicial notice, the defendants' motion to dismiss should have been converted to a motion for summary judgment, pursuant to Fed.R.Civ.P. 12(b). See *Wilson–Cook Medical, Inc. v. Wilson*, 942 F.2d 247, 251 (4th Cir.1991). Considering the judgment of the district court to have been a summary judgment for the defendants, we review the case *de novo* and the facts in the light most favorable to Winchester, although few of the facts pertinent here are in dispute. See *Catawba Indian Tribe v. South Carolina*, 978 F.2d 1334, 1339 (4th Cir.1992) (en banc), *cert. denied*, — U.S. ——, 113 S.Ct. 1415, 122 L.Ed.2d 785 (1993).

On November 2, 1990, Winchester filed an action in the Circuit Court of Fairfax County, Virginia, against several manufacturers and suppliers of fire retardant treated plywood (FRTP), including the defendants in this case.[1] Winchester purchased the plywood and used it as roofing material in hundreds

---

1. Winchester lacked diversity with some of the defendants in the state court action. *Winchester Homes, Inc. v. Hoover Universal, Inc., et al.,* Case No. 100865 (Circuit Court of Fairfax County, Virginia).

of town houses that Winchester built and sold in Virginia. The original motion for judgment raised claims of negligent design and manufacture, negligent failure to warn, strict liability for design and manufacture and failure to warn, breach of express warranties, breach of implied warranty of merchantability and fitness, breach of implied warranty of fitness for a particular purpose, fraud and deceit, indemnity pursuant to the Virginia Declaratory Judgment Act, and violation of the Virginia Consumer Protection Act, Va.Code § 59.1–196, *et seq.* In response to defendants' demurrer to the motion for judgment, the state court dismissed with prejudice the claims of negligent design and manufacture and failure to warn as duplicative of the warranty claims, the claims based on strict liability, and the claim based on an alleged violation of the Virginia Consumer Protection Act. The state court dismissed the motion for judgment in its entirety for lack of standing, with leave to amend and allege standing for any count not dismissed with prejudice, and specifically dismissed, with leave to amend, the fraud count for failure to allege fraud with the required specificity.

Subsequently, Winchester filed its amended motion for judgment. In response to defendants' demurrer, the state court order dated August 30, 1991, dismissed with prejudice the claim for injury to Winchester's business reputation and request for declaratory relief. The court dismissed with prejudice the amended motion for judgment to the extent it sought "recovery in favor of Winchester in its own right," and implying that Winchester may have standing by virtue of assignment or subrogation, gave Winchester time to file and serve a bill of particulars setting forth specific information for each town home upon which Winchester sought to assert a claim as assignee or subrogee. The court further dismissed, with leave to amend, the fraud claim and the Virginia Consumer Protection Act claim.

Winchester filed a second amended motion for judgment on September 16, 1991. After considering defendants' demurrer to the mo-

tion for judgment, the state court dismissed, without prejudice, the motion for judgment to the extent it asserted a subrogation claim for any town house unit not yet repaired by Winchester "in full discharge of a legal obligation," or identified in the bill of particulars filed concurrent with the motion for judgment as subject to an assignment executed on or before September 16, 1991, or as to which Winchester was subrogated on or before September 16, 1991. The court also dismissed with prejudice the claim for fraud and the claim based on the Virginia Consumer Protection Act.

Winchester filed a third amended motion for judgment[2] to which the defendants again demurred and moved for summary judgment.[3] A hearing on the demurrer and motion was held on September 16, 1992, and a partial transcript of this hearing appears in the record on appeal. On October 9, 1992, the state court dismissed without prejudice Winchester's indemnity claims for units not repaired or replaced as of September 16, 1991; upheld Winchester's standing to bring suits based on indemnification or subrogation; and specifically upheld the indemnity claims for any town homes repaired by September 16, 1991. The court also dismissed with prejudice any indemnity or subrogation claims for "any unit for which Winchester entered into an assignment/release with a homeowner after the homeowner's claims against Winchester were barred by the statute of limitations. Thus, apparently what remained of the claims at this time were those based on the homeowners' warranty claims that were assigned to Winchester or for which Winchester could claim subrogation or indemnification and which were repaired as of September 16, 1991. The court also indicated at this hearing that it would be entering summary judgment for the defendants on the remaining claims, since it determined that Winchester had no liability on its own one year express warranty to homeowners and that, regarding the implied warranties, Winchester acted as a volunteer in repairing the homes. It is clear from that

---

**2.** This third amended motion for judgment is not in the joint appendix or the record on appeal.

**3.** The subrogation claims had been recast as indemnity claims, apparently pursuant to a determination by the state court.

portion of the transcript extant in the record that no final ruling regarding the motion for summary judgment was made at this hearing, as the state court allowed Winchester "a week to file any additional writings that he wishes which will, are intended to dissuade the Court against entering the Summary Judgment on the analysis I've just given you and I'll consider it just on the documents that are submitted."

One week after the September 16, 1992 hearing, but prior to the written order of October 9, 1992 which was to memorialize those rulings, Winchester filed a motion for a nonsuit. The state court, on September 23, 1992, entered an order of nonsuit against, among other defendants, Chesapeake, ARGI, and Osmose "for all units not containing Hoover Treated Wood Product's fire retardant treated plywood products." Chesapeake, ARGI and Osmose are the only defendants in the instant case in the U.S. district court and here on appeal. The only claim finally adjudicated in the state court was Winchester's claim against defendant Hoover Treated Wood Products, Inc.[4]

In the October 9, 1992 order concerning the defendants' motion for summary judgment, the state court found that Winchester was a volunteer under its claimed express warranties to the homeowners; that Winchester owed no legal duty to the homeowners to repair the plywood roof sheathing since Winchester's express warranties were limited to one year and no homeowner had made any claim under that warranty; that warranties made by Winchester sales staff or statements in Winchester's Home Care and Service Manual (HCSM) were limited, respectively, by integration clauses in the contracts of sale and the HCSM. That October 9, 1992 order also ruled upon a motion to strike and a demurrer. In a separate order also dated October 9, 1992, the state court modified the order of nonsuit dated September 23, 1992 as follows:[5]

> The Order of Nonsuit is not effective as to any cause of action or claim that was submitted to the Court for decision as memorialized in Orders entered prior to September 23, 1992 or on October 8 or 9, 1992.

Subsequently, Winchester filed a petition for appeal in the Supreme Court of Virginia, appealing what appears to be every ruling against it by the state court in the course of the litigation, explicitly including assigning error to the state court's entry of orders after entry of nonsuit and the court's authority to modify or vacate Winchester's order of nonsuit after entry. The Supreme Court of Virginia dismissed Winchester's petition for appeal "because the assignments of error raised on appeal are moot as a result of the

---

**4.** Winchester proceeded in state court with its claims against Hoover Treated Wood Products and the jury awarded $434,185 to Winchester, as assignee of the homeowners, for the claims of breach of express warranty and implied warranty of fitness for a particular purpose. However, the state court entered a judgment notwithstanding the verdict in favor of Hoover Treated Wood Products, on the basis that the warranties made by Hoover to Winchester did not inure to the benefit of the homeowners, since the goods in question were incorporated into realty and the U.C.C. warranties do not apply to realty. Winchester appealed the judgment to the Supreme Court of Virginia, which refused the petition for appeal, noting that there was no reversible error, and subsequently denied a petition for rehearing. Defendants argue that this means the Virginia Supreme Court has approved of the rulings below of the state trial court. While this may be true as to the end and effect of the orders as to Hoover Treated Products, it does not have that effect as to the defendants in this court in light of our determination of the consequences of the nonsuit and also *Shiflet v. Eller,* 228 Va. 115, 319

S.E.2d 750, 755, n. 1 (1984) ("The effect of the refusal of the petition for appeal, in *Esco,* a case decided without opinion, was to affirm the decision of the court below in that case, but the refusal of that petition did not decide the question involved in any other case").

**5.** The defendants state in their brief, without citation to either the joint appendix or the record on appeal, that the state court held hearings on the nonsuit and that Winchester attempted, by application to the Virginia Supreme Court for a writ of prohibition, to prevent the state court from entering orders following the entry of the order of nonsuit on September 23, 1992, but was denied. A district court hearing makes a reference to the application for and Supreme Court refusal to issue the writ. A review of the record on appeal reveals no documents supporting this statement and it does not enter into our analysis of this case. In all events, in Virginia, as in the federal courts, the matter of jurisdiction may be inquired into at any time, and even at the court's own instance. *Morrison v. Bestler,* 239 Va. 166, 387 S.E.2d 753, 755–56 (1990).

nonsuit orders issued by the trial court on September 23, 1992 and October 9, 1992."

On March 23, 1993, and within six months of the entry of the nonsuit order of September 23, 1992, Winchester filed the instant suit in the district court,[6] with jurisdiction based on diversity, pursuant to 28 U.S.C. § 1332. Winchester claimed the defendants' FRTP (plywood) was defective, causing it to deteriorate, and that one of the products did not possess proper fire retardant properties. The complaint alleged that Winchester, after becoming aware of the defects and because of the danger to fire fighters, roofing workers, and occupants of the town homes in which the defective FRTP was used, inspected and replaced the FRTP in 544 rooves. Winchester's causes of action were based on negligent design and manufacture, failure to warn, breach of express warranties, breach of implied warranty of merchantability and fitness, breach of implied warranty of fitness for a particular purpose, fraud and deceit, negligent misrepresentation, indemnification based on the breach of warranties and negligence of the defendants, contribution, and subrogation based on Winchester's assumption of the defendants' obligations to notify and correct the defects, and violation of the Virginia Consumer Protection Act, Va.Code § 59.1–196 et seq.

The district court dismissed Winchester's action on May 7, 1993, holding that "the law of the case precludes the court from proceeding with the counts alleged in this action which were dismissed with prejudice by the Circuit Court of Fairfax County, Virginia" and that "[M]oreover the court is unwilling to re-examine the merits of the state court decisions." The district court denied Winchester's motion for reconsideration, finding that the decision of the state court as to Winchester's status as a volunteer when it replaced any defective rooves precluded any cause of action for indemnity, and also that the state court ruling denying Winchester standing to raise claims on its own behalf operated as the law of the case. It also mentioned the judgment N.O.V. in the *Hoover* case. Thus, the

district court dismissed all of Winchester's claims as precluded by the state court's procedural or substantive rulings, or as the law of the case.

■ As a threshold matter, we consider the law of the case doctrine, especially in view of Winchester's nonsuit taken September 23, 1992 pursuant to Va.Code § 8.01–380(A), and the Virginia Supreme Court's refusal to consider Winchester's appeal of the state court rulings in the case because Winchester's assignments of error were moot. No ruling regarding summary judgment was made at the hearing on September 16, 1992, since the state court allowed further briefing by Winchester prior to entering its order. Thus the case was not submitted for decision. See *Hopewell v. Cogar,* 237 Va. 264, 377 S.E.2d 385, 387 (1989) (case is not submitted to the court for decision, thus precluding nonsuit, where 15 day period allowed by court for brief filing had not expired). Although it may have been apparent that the state court was going to rule against Winchester on summary judgment, such an indication is not dispositive. See *Hilb, Rogal & Hamilton Co. v. DePew,* 247 Va. 240, 440 S.E.2d 918, 921 (1994) (holding that plaintiff can take a nonsuit during the course of a court's explanation of its proposed ruling). Thus, Winchester had "an absolute right" to take a nonsuit, *Hopewell* 377 S.E.2d at 387, and the state court orders of September 23 and October 9, 1992 with respect to the disposition of any of plaintiff's claims, are not the law of the case.

■ What remains to be considered is the effect Winchester's nonsuit has on the state court's prior rulings, such as the dismissal with prejudice of the claims based on Winchester's standing in its own right for tort, warranty, fraud, and violation of the Virginia Consumer Protection Act. In Virginia, a party may take a nonsuit within the statutory limitations of Va.Code § 8.01–380. Section 8.01–380(A) provides, in relevant part:

---

**6.** Va.Code § 8.01–380 provides that a new proceeding on the same cause of action can be filed in the court in which the nonsuit was taken or in federal court. Va.Code § 8.01–229(E)(3) tolls the statute of limitations and allows the recommencement of the suit within six months of the nonsuit.

A party shall not be allowed to suffer a nonsuit as to any cause of action or claim, or any other party to the proceeding, unless he does so before ... the action has been submitted to the court for decision.

An action is defined in § 8.01–2 as "all civil proceedings whether at law, in equity, or statutory in nature and whether in circuit courts or district court." However, "cause of action" is defined in Virginia as "a set of operative facts which, under the substantive law, may give rise to a right of action." See *Roller v. Basic Construction Co.*, 238 Va. 321, 384 S.E.2d 323, 326 (1989). Therefore, a party may nonsuit either a cause of action, a claim, or a party, and the nonsuit

> ... does not operate as a bar to a subsequent suit between the same parties on the same cause of action. *Payne v. Buena Vista Extract Co.*, 124 Va. 296, 98 S.E. 34 (1919). The only effect of a nonsuit is to put an end to the pending litigation without prejudice to either party. Cf. *Thomas Gemmell, Inc. v. Svea Fire & Life Ins. Co.*, 166 Va. 95, 184 S.E. 457 (1936) (later suit in State court); *Popp v. Archbell*, 203 F.2d 287 (4th Cir.1953) (later suit in federal court.)

*Alderman v. Chrysler Corp.*, 480 F.Supp. 600 (E.D.Va.1979) (footnote omitted). While *Alderman* correctly cited *Payne*, *Gemmell* and *Popp*, as *Popp* points out, a non-suit in Virginia does have a venue limitation not relevant here. In agreement is *Burks Pleading and Practice*, 4th Ed., § 336.

■ The plain language of § 8.01–380 declares that a nonsuit can be taken for an entire cause of action, which the Virginia Supreme Court defines as all the "operative facts which, under the substantive law, may give rise to a right of action." *Roller*, 384 S.E.2d at 326. The entry of nonsuit in the state court was against the three defendants here for all units not containing Hoover Treated Wood Products' fire retardant plywood products, and, therefore, served to nonsuit the entire cause of action as to these defendants [7], rather than only the particular claims remaining in the suit at the time of nonsuit. We are reinforced in our opinion by the decision of the Virginia Supreme Court that all of Winchester's assignments of error were moot as a result of the nonsuit. This determination of mootness is a holding that the nonsuit ended without prejudice the entire suit of Winchester against these defendants and, therefore, the state court's prior orders could have no preclusive effect. Such a determination would be consistent with the general rule that a nonsuit "leaves the situation as if the suit had never been filed and carries down with it previous rulings and orders in the case," Annotation, *Effect of nonsuit, dismissal, or discontinuance of action on previous orders*, 11 A.L.R.2d 1407, § 3, 6. While the Supreme Court of Virginia has not expressly adopted this rule, it reached the same conclusion on facts remarkably similar to those present here, in *Spotsylvania School Board v. Seaboard Surety Co.*, 243 Va. 202, 415 S.E.2d 120 (1992), that "[w]hen a party non-suits a claim after a demurrer has been overruled and a motion for summary judgment denied, the questions raised by the demurrer and motion are mooted and cannot be raised on appeal." 415 S.E.2d at 130. To hold that the state trial court's decisions with respect to some of a plaintiff's claims have preclusive effect even after a nonsuit, would penalize the taking of a nonsuit by making the plaintiff forego its statutory right to petition for appeal to the Virginia Supreme Court all prior orders of the trial court after final judgment.[8] See Va.Code § 8.01–670. Neither case law nor the nonsuit statute reflects such an intent to

---

7. There is no contention that any of the units described in the non-suit order for these defendants contained Hoover Treated Wood Products' fire retardant plywood products.

8. We note that orders dismissing only certain counts with prejudice are interlocutory and not final judgments. See *Leggett v. Caudill*, 247 Va. 130, 439 S.E.2d 350, 351 (1994) (order dismissing one count of three count motion for judgment was interlocutory and not appealable as a final order under § 8.01–670). The Supreme Court has indicated that "it requires a final judgment to sustain the application of the rule of the law of the case just as it does for the kindred rule of res judicata." *U.S. v. United States Smelting Co.*, 339 U.S. 186, 199, 70 S.Ct. 537, 544, 94 L.Ed. 750 (1950). Thus, the interlocutory nature of the orders dismissing certain of Winchester's counts with prejudice may not provide any law of the case. State law is to the same effect. *Steinman v. Clinchfield Coal Corp.*, 121 Va. 611, 93 S.E. 684, 688 (1917).

penalize the taking of a nonsuit. Therefore, we are of opinion that there is no law of the case doctrine to be followed here in light of the Virginia Supreme Court determination that the nonsuit rendered the questions moot.[9]

Finally, to the extent that the district court may have relied on the *Hoover* case [10] when it overruled Winchester's motion to reconsider, we note that there is no res judicata or collateral estoppel effect of the *Hoover* case on the instant case. In *Blonder–Tongue Labs., Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), the Supreme Court departed from existing precedent that collateral estoppel required mutuality of parties, but went on to hold that federal courts exercising diversity jurisdiction must apply the state rule regarding mutuality. 402 U.S. at 325–26, 91 S.Ct. at 1441. Virginia law requires mutuality of parties. See *Dual & Associates, Inc. v. Wells*, 241 Va. 542, 403 S.E.2d 354, 356 (1991), and cases cited therein. Since the defendants involved in this appeal were not parties in the *Hoover* case, and would not have been bound had the *Hoover* case reached an opposite result, see *Dual*, 403 S.E.2d at 356, there is no collateral estoppel effect as to facts, issues, or claims decided in *Hoover*.

To sum up, the district court erred in dismissing the plaintiff's complaint in reliance on law of the case or any other issue or claim preclusive effect of any of the various holdings in the Circuit Court of Fairfax County. This case must be decided independently of those holdings and free from any preclusive effect thereof.

Accordingly, the judgment of the district court dismissing Winchester's action is vacated and the case is remanded for further proceedings consistent with this opinion.

*VACATED AND REMANDED.*

---

9. Although Winchester requests that we examine the merits of the state trial court rulings, we decline to do so. The state court rulings have no application in this case, and the same questions, if present, should be first considered by the district court.

10. See *supra*, n. 4.