COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Malveaux and Ortiz

DAVID LAMBERTI BOTOS

v.     Record No. 0385-21-3

KARA SHANNON BURCHINAL BOTOS

MEMORANDUM OPINION[*]
PER CURIAM
NOVEMBER 9, 2021

FROM THE CIRCUIT COURT OF THE CITY OF SALEM
Charles N. Dorsey, Judge

(David L. Botos, on brief), *pro se*.

(Victor S. Skaff, III; Kathleen T. Allen; Glenn Robinson Cathey
Memmer & Skaff PLC, on brief), for appellee.

David Lamberti Botos (husband), *pro se*, challenges the circuit court's final decree of

divorce on three grounds. First, husband argues that the circuit court "ignored uncontested exhibits

showing actual monetary contributions by the parties and instead inserted their [sic] own unfounded

assertion regarding such contributions, resulting in an excessive monetary award." Second,

husband asserts that the circuit court "violated numerous constitutional rights of [his] by ordering

that he pay what" Kara Shannon Burchinal Botos (wife) "*arbitrarily estimated* to be the *entire* sum

of all her attorney's fees in the matter before the trial court." Third, husband contends that the

circuit court "violated numerous canons of judicial conduct during proceedings in the matter."

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without

merit. Accordingly, we summarily affirm the decision of the circuit court.[1]  See Rule 5A:27.

UNPUBLISHED

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We also deny husband's motions to vacate and reduce suspending bond.

BACKGROUND

We view the facts in the light most favorable to the prevailing party below; here, the wife. Wyatt v. Wyatt, 70 Va. App. 716, 718 (2019). Thus, we grant to wife the benefit of any reasonable inferences that flow from the evidence; we review issues of law *de novo*. Id.

The parties married on November 7, 2009, and separated on February 1, 2018. Wife filed a complaint for divorce on July 24, 2019, in the Circuit Court for the City of Salem. Upon husband's request, the original judge recused himself. After the case was reassigned, husband asked the second judge to recuse himself. Thereafter, the case was reassigned to The Honorable Charles N. Dorsey. Husband filed two motions asking Judge Dorsey to recuse himself from the case. The court denied both motions. Wife nonsuited the case on September 14, 2020. Husband then filed his own complaint for divorce in the Circuit Court of Montgomery County. Under Code § 8.01-380, the case was transferred to the Circuit Court for the City of Salem (trial court) and assigned a new case number.

The trial court heard evidence on March 4, 2021.[2] Husband, wife, and wife's expert—a real estate appraiser—testified at the hearing, and husband offered eleven exhibits. The trial court sustained wife's objections to two of husband's exhibits. The only issues before the trial court were wife's requests for equitable distribution of the marital residence—which husband owned before the marriage—and attorney's fees. Based on the evidence presented, including husband's admitted exhibits, the trial court found that the monthly mortgage payments were divided equally between the parties during their marriage. The trial court also emphasized wife's other monetary and nonmonetary contributions, including improving the property and doing "almost all of the grocery shopping as well as most of the childcare." Husband, on the other hand, "made negative

---

[2] The hearing was not transcribed, but the record includes a written statement of facts in lieu of a transcript.

nonmonetary contributions to the well-being of the marriage," by "hoarding" and diminishing the value of the residence.

It was uncontested that the fair market value of the residence as of the date of trial was $200,000. Wife's expert testified that the fair market value of the residence as of the date of separation was $174,000, the same value he assigned to the residence as of the date of the parties' marriage. Husband argued that the fair market value of the residence at the time of marriage was $195,091.84. The mortgage balance on the house was $199,110.81 when the parties married, and $97,598.37 on the date of separation, a reduction of $101,512.44.

The trial court concluded that there "was no equity in the marital home, as of the date of marriage" and that wife did not "contribute any marital income to the increase in equity after the date of separation." The trial court used "an alternative methodology, permitted by statute" to calculate the proper division of the asset. Because husband owned the residence before the parties' marriage, "the marital home had both a separate property component and a marital component." The trial court found that the "reduction in the mortgage principle balance . . . that constitutes the marital equity in the real property" was $76,401.63. Next, the trial court found that the increase in value was "attributable equally" between husband and wife. Therefore, the court awarded wife one half of the marital equity in the residence, "payable in a lump sum of $38,200.82 from husband to wife." Husband does not challenge the trial court's determination of the marital equity in the residence.

The trial court also awarded wife $10,000 in attorney's fees. The trial court found that wife's evidence proved that she had incurred over $20,000 in attorney's fees but wife conceded that part of the fees had been incurred in separate litigation. Wife estimated the portion of the fees pertaining to the litigation in this case was $10,000. The trial court, noting the "experience of the [c]ourt in equitable distribution cases and the facts and circumstances of this case," concluded that

"that sum was entirely reasonable." In awarding the fees, the trial court observed that "husband had an overwhelming degree of fault in precipitating the end of the marriage," that husband "was found in contempt of court" during the proceedings, and that husband's "disruptive behavior . . . contributed to an increase of wife's attorney's fees." Further, the trial court found that "[h]usband's desire to litigate, argue, and berate, greatly exceeded that of wife." This appeal followed.

ANALYSIS

I.

Husband argues that the trial court "ignored uncontested exhibits showing actual monetary contributions by the parties, . . . resulting in an excessive monetary award." Specifically, husband asserts on appeal that three of the exhibits he introduced at trial proved that wife's "fractional contribution" to the reduction of the mortgage during the marriage was "approximately equal to 11.48%" and that the trial court "arbitrarily asserted a '50/50 award'" of the equity in the marital residence. He concludes that the trial court's award constituted "an extrajudicial punishment," violated his constitutional rights, and infringed "on his independence, enjoyment of life, means to acquire and possess property, and freedom from forced labor for the benefit of another."

In fact, the record proves that the trial court specifically reviewed all of husband's exhibits. The trial court acknowledged that "husband's Exhibit 8 purports to show how much each party paid on the mortgage payment," but found that the other evidence, including the testimony of the parties, made "clear that the mortgage payment was also included in the monthly shared expense statement that was always divided evenly between the parties." Based on all the evidence presented, the trial court concluded that wife was entitled to half the equity in the marital residence.

The Court will not overturn an equitable distribution award unless we find "an abuse of discretion, misapplication or wrongful application of the equitable distribution statute, or lack of evidence to support the award." Dixon v. Dixon, 71 Va. App. 709, 717-18 (2020) (quoting Anthony v. Skolnick-Lozano, 63 Va. App. 76, 83 (2014)). "It is well established that [the circuit court as] the trier of fact ascertains a witness' credibility, determines the weight to be given to [his or her] testimony, and has discretion to accept or reject any of the witness' testimony." Khalid-Schieber v. Hussain, 70 Va. App. 219, 234 (2019) (quoting Street v. Street, 25 Va. App. 380, 387 (1997) (*en banc*)). "In reviewing an equitable distribution award on appeal, we have recognized that the trial court's job is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." Wright v. Wright, 61 Va. App. 432, 449-50 (2013) (quoting Klein v. Klein, 11 Va. App. 155, 161 (1990)).

"It is within the discretion of the court to make an equal division or to make a substantially disparate division of assets as the factors outlined in Code § 20-107.3(E) require." Rinaldi v. Rinaldi, 53 Va. App. 61, 76 (2008) (quoting Matthews v. Matthews, 26 Va. App. 638, 645 (1998)). We have previously explained that "while equitable distribution is not a vehicle to punish behavior, the statutory guidelines authorize consideration of such behavior as having an adverse effect on the marriage and justifying an award that favors one spouse over the other." O'Loughlin v. O'Loughlin, 20 Va. App. 522, 527 (1995) (citing Smith v. Smith, 18 Va. App. 427, 431-32 (1994)). The trial court in this case properly considered "[t]he circumstances and factors which contributed to the dissolution of the marriage," which Code § 20-107.3(E)(5) explicitly authorized the court to consider. We look to whether the award as a whole is equitable to determine whether there is an abuse of discretion. McDavid v. McDavid, 19 Va. App. 406, 417 (1994).

We "defer to the trial [judge's] evaluation of the credibility" of the evidence. Shackelford v. Shackelford, 39 Va. App. 201, 208 (2002). In addition, "[i]t is well established that the trier of fact . . . determines the weight to be given" to particular evidence "and has discretion to accept or reject any of [it]." Layman, 62 Va. App. at 137 (quoting Street, 25 Va. App. at 387). Here, the trial court found wife more credible than husband and rejected his claims. The record supports the trial court's credibility determination and its division of the marital asset. Accordingly, we find no abuse of discretion with the trial court's award.

## II.

Husband contends that the trial court "violated numerous constitutional rights" by "ordering that he pay what [wife] *arbitrarily estimated* to be the *entire* sum of all her attorney's fees in the matter before the trial court."[3]

"Whether to award attorney's fees 'is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.'" Conley v. Bonasera, 72 Va. App. 337, 350 (2020) (quoting Kane v. Szymczak, 41 Va. App. 365, 375 (2003)). "An abuse of discretion occurs 'only "when reasonable jurists could not differ"' as to the proper decision." Allen v. Allen, 66 Va. App. 586, 601 (2016) (quoting Brandau v. Brandau, 52 Va. App. 632, 641 (2008)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." Conley, 72 Va. App. at 337 (quoting McGinnis v. McGinnis, 1 Va. App. 272, 277 (1985)).

---

[3] In the argument section of his opening brief, husband also suggests that "any clause within the Code of Virginia purporting to authorize an award of attorney's fees does so in violation of the US Constitution's 14th Amendment's equal protection clause." This argument is not encompassed by the assignments of error, and therefore we do not address it. See, e.g., Fauquier Cnty. Dep't of Soc. Servs. v. Ridgeway, 59 Va. App. 185, 188 n.2 (2011) ("[T]his Court considers only assignments of error." (citing Rule 5A:20(c)).

Here, wife's evidence proved that she incurred over $20,000 in attorney's fees; however, she conceded that some of those fees were incurred in separate litigation. Wife estimated that $10,000 was attributable to the litigation in this case. The trial court relied on its experience in equitable distribution cases and found that $10,000 was "entirely reasonable" given the facts and circumstances in this case. The trial court noted that husband's actions and behavior during the case had caused wife to incur additional fees. Considering all the factors, including "the respective financial positions of the parties and the degree of fault in precipitating the end of marriage," the trial court awarded wife $10,000 in attorney's fees. The record fully supports the trial court's determination, and we find no abuse of discretion in its ruling.

III.

Husband argues that the trial court "violated numerous canons of judicial conduct during proceedings in this matter." Specifically, husband cites to his recusal motions as the pleadings through which he presented this issue to the trial court. The motions, dated April 22, 2020, June 22, 2020, and July 14, 2020, are neither in the appendix nor in the record. The written statement of facts in lieu of a transcript indicates that the motions were denied by orders entered June 22, 2020 and July 22, 2020. All the motions and the denial orders were entered in the previous case which wife nonsuited on September 14, 2020.

"We have always characterized a refiled action after a nonsuit as a 'new' action." Temple v. Mary Washington Hosp., Inc., 288 Va. 134, 139 (2014). "A 'new action stands independently of any prior nonsuited action.'" Id. (quoting Laws v. McIlroy, 283 Va. 594, 600 (2012)). In other words, "a nonsuit 'leaves the situation as if the suit had never been filed.'" Id. at 140 (quoting Winchester Homes Inc. v. Osmose Wood Preserving, Inc., 37 F.3d 1053, 1058 (4th Cir. 1994)).

In <u>Temple</u>, the plaintiff voluntarily nonsuited her action and refiled. <u>Id.</u> at 137-38. After the trial court entered its final order in the refiled case, the plaintiff sought to appeal discovery rulings the trial court had made in the nonsuited case. <u>Id.</u> The Supreme Court of Virginia held that, because the trial court had not expressly incorporated those rulings in its discovery order in the refiled case, the plaintiff could not challenge those rulings on appeal in that case. <u>Id.</u> at 140.

Similarly, in this case, after wife nonsuited the original case, husband filed a complaint for divorce. The trial court did not expressly incorporate any ruling from the original action, and husband did not refile his recusal motions. Thus, husband cannot challenge those rulings in the current appeal. Accordingly, we do not address the merits of the recusal issue.

IV.

Wife asks for attorney's fees associated with this appeal. <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695 (1996). "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." <u>Alwan v. Alwan</u>, 70 Va. App. 599, 613 (2019) (quoting <u>Friedman v. Smith</u>, 68 Va. App. 529, 545 (2018)); <u>see</u> Rule 5A:30(b). Having reviewed and considered the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees and costs, and we remand for the circuit court to set a reasonable award of attorney's fees and costs incurred by wife in this appeal. Rule 5A:30(b).

CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed. Rule 5A:27. We remand this case to the circuit court for determination and award of the appropriate appellate attorney's fees and costs, which also should include any additional attorney's fees incurred at the remand hearing.

<u>Affirmed and remanded.</u>