COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Athey and White
Argued at Richmond, Virginia

PUBLISHED

DONALD ROSSON

v.        Record No. 1283-22-2

ERIE INSURANCE EXCHANGE

OPINION BY
JUDGE CLIFFORD L. ATHEY, JR.
DECEMBER 19, 2023

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Lynn S. Brice, Judge

Casey M. Ariail (E. Brandon Ferrell; Kerrigan O'Malley; River Run
Law Group PLLC; Carter & Shands, PC, on brief), for appellant.

John S. Buford (John B. Mumford, Jr.; Hancock, Daniel & Johnson,
P.C., on brief), for appellee.

Following an accident involving a truck owned by Marquez Siding, LLC ("Marquez

Siding"), Erie Insurance Exchange ("Erie") sought a judgment in the Circuit Court of Chesterfield

County ("circuit court") declaring that its insurance policy provided no coverage related to the

accident. After the defendants failed to file a responsive pleading in the declaratory judgment

action, Erie subsequently moved for default judgment. After the circuit court granted Erie's motion,

only Donald Rosson ("Rosson"), a passenger in the truck owned by Marquez Siding, appealed the

circuit court's order granting default judgment. Rosson now assigns error to the circuit court for:

(1) granting default judgment; (2) refusing to grant his motion for leave to file responsive pleadings;

(3) refusing to grant his motion to dismiss for lack of subject matter jurisdiction; (4) denying his

motion to reconsider; (5) denying his motion to vacate; and (6) denying his motion to retain

jurisdiction and suspend and/or modify the final order. For the following reasons, the judgment of

the circuit court is affirmed.

## I. BACKGROUND

In December of 2020, Andrew Wilson ("Wilson"), an employee of Marquez Siding, was driving a truck owned by Marquez Siding. Rosson, a fellow employee,[1] was a passenger in the truck when the truck was involved in an accident.[2] Erie provided insurance coverage on the truck under an automobile policy issued to Marquez Siding, which also covered its employees in the course of their employment.

As a result of the accident, in July of 2021, Rosson filed a complaint against Wilson and Marquez Siding for personal injury based on Wilson's alleged negligent operation of the truck, resulting in the accident. Rosson alleged in the complaint that Wilson was acting in the course of his employment at the time of the accident. Rosson subsequently moved to voluntarily nonsuit the personal injury complaint. On November 18, 2021, the circuit court granted the motion for nonsuit, dismissing the suit without prejudice pursuant to Code § 8.01-380.[3]

Prior to Rosson moving for a voluntary nonsuit, on July 30, 2021, Erie filed a separate action seeking a declaratory judgment declaring the rights and obligations owed to Marquez Siding and certain named employees under the Erie automobile insurance policy.[4] In support of its declaratory judgment action, Erie contended that since Rosson and Wilson were both

---

[1] Per Erie's complaint, "[a]t the time of the Accident, upon information and belief, Defendants Wilson, Alvarado, Jr., and Rosson were employees of Defendant Marquez Siding, LLC."

[2] Alvarado was another passenger in the vehicle involved in the accident. Gomez was the sole manager and member of Marquez Siding.

[3] A party may take one voluntary nonsuit if there are no counterclaims, cross-claims or third-party claims and the party requested the nonsuit before a motion to strike the evidence has been sustained, before the jury retires from the bar, or before the action has been submitted to the court for decision. Code § 8.01-380.

[4] The circuit court dismissed one of the employees, Alvarado, as a party to this action. The other parties, Gomez and Wilson, were included in the final order and notified of the appeal. Only Rosson appealed the circuit court's order regarding the motion for default judgment.

employees of Marquez Siding, "the Workers' Compensation and the Employee Indemnification and Employer's Liability" provisions in the automobile insurance policy applied. Hence, Erie argued, neither the liability coverage nor the uninsured/underinsured motorist coverage in the automobile policy applied with respect to the accident.

Rosson never filed a response to Erie's declaratory judgment action, so on April 21, 2022, Erie moved for default judgment. In support of the motion, Erie alleged that Rosson's counsel had previously obtained two extensions of the deadline to file his responsive pleadings, the last extension until October 1, 2021, having long passed. In particular, Erie requested a declaration that Erie had "no coverage obligation under the Policy with respect to the [a]ccident or for any related claims under the Erie Policy or otherwise," that "Erie does not owe uninsured/underinsured coverage to defendants Alvarado, Jr. and Rosson under the Policy's Uninsured Motorists endorsement," and that coverage is barred as to Rosson "under exclusionary language in the Policy barring coverage for bodily injuries to its employees and for obligations for which Marquez Siding may be liable under a workers' compensation law."

In response to Erie's motion for default judgment, Rosson subsequently filed a "Memorandum in Opposition to Erie's Motion for Default Judgment or in the Alternative, Leave to File A Response to Erie's Complaint for Declaratory Judgment" ("opposition memorandum"), in which Rosson requested, for a third time, that the circuit court dismiss Erie's declaratory judgment complaint for lack of jurisdiction or, alternatively, that the circuit court grant leave to file a responsive pleading to Erie's complaint "based upon good cause shown." Rosson explained that because he had previously nonsuited the personal injury suit, there was no actual or justiciable controversy, and thus, the circuit court lacked jurisdiction to rule on Erie's complaint for declaratory judgment. Rosson further reasoned that "[i]n requesting a declaratory judgment in a case that has been non-suited and no longer pending, Erie [sought] an advisory opinion from the [circuit court] and ask[ed] the [circuit court] to decide a moot question." Finally, Rosson contended that "[b]y seeking a

default judgment in a case that's been non-suited, Erie is attempting to circumvent the statutory mandate requiring an actual controversy."

Erie responded to Rosson's motions, asserting that pursuant to Code § 8.01-184, the circuit court possessed jurisdiction to enter their requested default judgment "regardless of whether [Rosson] has a lawsuit pending against any Erie insured." Erie next contended that Code § 8.01-184 "specifically contemplates this power applying to '[c]ontroversies involving the interpretation of . . . instruments of writing' such as the Erie policy at issue in this action and 'does not exclude other instances of actual antagonistic assertion and denial of right.'" Erie further noted that Code § 8.01-191 recognizes that declaratory judgment statutes are "remedial" in nature and there existed an "antagonistic assertion and denial of right" between Rosson and Erie. For example, Erie explained that "Rosson ha[d] demanded $250,000 from Erie for injuries sustained in his December 18, 2020, accident" and that Erie had "denie[d] any liability to Rosson under its insurance policy." Hence, Rosson's claim "implicate[d] both first- and third-party coverage," "not only obligat[ing] Erie to defend and settle suits against its insureds by injured third parties like Rosson, but also creat[ing] the potential for Rosson to assert a claim directly against Erie as a first-party Uninsured Motorists claimant." Erie further extrapolated that just because the underlying matter was nonsuited and dismissed without prejudice, the threat of liability was not "extinguished." Thus, Erie argued that the circuit court had jurisdiction to enter a declaratory judgment regarding the policy because "[t]here [was] currently a coverage dispute between the parties," and prayed for the circuit court to "assert its jurisdiction under the statute and proceed with entering Erie's Motion for Default Judgment."

Following a hearing on the various motions on July 11, 2022, the circuit court held that it had jurisdiction over Erie's declaratory judgment action, explaining that "there is a potential claim, or a probable claim, of an injured person . . . against the insured, and that would be sufficient to cause them to be in jeopardy, and that the [declaratory judgment] would be appropriate anyway." The

- 4 -

circuit court then granted Erie's motion for default judgment and denied Rosson's motion for leave to amend or file a late responsive pleading.

On July 28, 2022, the circuit court entered a final order granting Erie's motion for default judgment and further declaring that "there is no coverage under Virginia Commercial Auto Insurance Policy No. Q06 0132962 MV7, effective from June 1, 2020[,] to June 1, 2021, to the extent alleged and for the reasons alleged in Plaintiff Erie's Complaint for Declaratory Judgment." Following the entry of default judgment against him, Rosson filed both a motion to vacate as well as a motion to reconsider the circuit court's order, arguing for good cause for an extension of the filing deadline based on the existence of a "meritorious claim or substantial defense," which he claims stemmed from Marquez Siding's owner allegedly denying that Rosson was an employee. The circuit court denied these additional motions. Rosson appealed.

## II. ANALYSIS

### A. *Standard of Review*

"A challenge to subject matter jurisdiction presents a question of law that we review de novo." *Gray v. Binder*, 294 Va. 268, 275 (2017). "To the extent the Court's analysis involves statutory interpretation, questions of statutory construction are also reviewed under a de novo standard." *Ruderman v. Pritchard*, 76 Va. App. 295, 302 (2022). "A lower court's interpretation and application of the Rules of the Supreme Court . . . presents a question of law that we review *de novo*." *Mintbrook Devs., LLC v. Groundscapes, LLC*, 76 Va. App. 279, 291 (2022) (alteration in original) (quoting *Cousett v. Commonwealth*, 71 Va. App. 49, 57 (2019)).

We review a trial court's denial of leave to file a late pleading for an abuse of discretion. *Primov v. Serco, Inc.*, 296 Va. 59, 70-71 (2018). Motions to reconsider and to suspend a prior ruling "involve matters wholly in the discretion of the trial court." *See Thomas v. Commonwealth*, 62 Va. App. 104, 109 (2013). Thus, "[w]e review a trial court's denial of a motion to reconsider for an abuse of discretion." *Winston v. Commonwealth*, 268 Va. 564, 620 (2004). The decision of

- 5 -

whether to grant or deny a motion to vacate is also a matter within the trial court's discretion and will not be disturbed on appeal in the absence of an abuse of discretion. *See Cloutier v. Queen*, 35 Va. App. 413, 421 (2001).

B. *The circuit court possessed subject matter jurisdiction and did not err by entering a default judgment as requested by Erie.*

In his first and third assignments of error, Rosson contends that the circuit court erred in finding that subject matter jurisdiction existed to consider Erie's motion for default judgment and thus the entry of default judgment based solely on Erie's complaint was in error. We disagree.

Code § 8.01-191 permits trial courts to grant declaratory judgment as a remedy when appropriate. Generally, "a default judgment is valid if the trial court has territorial jurisdiction, subject-matter jurisdiction and if adequate notice has been given to the defaulting party." *Landcraft Co. v. Kincaid*, 220 Va. 865, 870 (1980). However, the Declaratory Judgment Act codified in Code §§ 8.01-184 to -191 "does not give trial courts the authority to render advisory opinions, to decide moot questions, or to answer inquiries that are merely speculative." *USAA Cas. Ins. v. Randolph*, 255 Va. 342, 346, 348 (1998) (reversing the trial court's entry of a declaratory judgment determining that Randolph's injury did not arise in the course of his employment and finding that since other remedies were available to Randolph, default judgment was inappropriate). Hence, "when a declaratory judgment regarding a disputed fact would be determinative of issues . . . the case is not appropriate for declaratory judgment." *Id.* at 346. Code § 8.01-184 states that:

> In cases of actual controversy, circuit courts within the scope of their respective jurisdictions shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time, could be, claimed and no action or proceeding shall be open to objection on the ground that a judgment order or decree merely declaratory of right is prayed for. Controversies involving the interpretation of deeds, wills, and other instruments of writing, statutes, municipal ordinances and other governmental regulations, may be so determined, and this enumeration does not exclude other instances of actual antagonistic assertion and denial of right.

- 6 -

As a result, "[t]he insurer is relieved of a duty to defend only when it clearly appears from the initial pleading the insurer would not be liable under the policy contract for *any* judgment based upon the allegations." *Reisen v. Aetna Life & Cas. Co.*, 225 Va. 327, 331 (1983). Thus, declaratory judgment is appropriate in "guid[ing] parties in their future conduct in relation to each other, thereby relieving them from the risk of taking undirected action incident to their rights, which action, without direction, would jeopardize their interests." *Id.* at 335 (quoting *Liberty Mut. Ins. v. Bishop*, 211 Va. 414, 421 (1970)).

Here, Erie sought a declaration of Rosson's rights and Erie's own obligations arising from the insurance contract Erie issued to Marquez Siding. Under Code § 8.01-184, a trial court has the authority "to make binding adjudications of right . . . and no action or proceeding shall be open to objection on the ground that a judgment order or decree merely declaratory of right is prayed for," including "adjudications of right" arising from the "interpretation of . . . instruments of writing." Hence, Erie's requested remedy that the circuit court declare Rosson's rights and their coverage obligations arising from the insurance contract issued to Marquez Siding is both contemplated and permitted pursuant to the Declaratory Judgment Act. *See* Code § 8.01-184.

In fact, this case presents facts and questions similar to those resolved in the *Reisen* case. There, Goins injured Reisen in a motor vehicle accident. Aetna Life and Casualty Company was implicated since it provided an automobile liability insurance policy for Goins' vehicle. *Reisen*, 225 Va. at 330. Aetna sought a declaratory judgment "to decide a coverage question when the ultimate issue of fact determining coverage [was] set for adjudication in a related, pending tort action." *Id.* at 329. The trial court subsequently declared that Aetna "owes no duty or obligation to afford coverage under its policy of insurance," *id.* at 331, and the Supreme Court affirmed the trial court for appropriately granting the declaratory judgment because "there was a justiciable controversy." *Id.* at 334.

Here, Erie alleges that the terms of the insurance policy exclude coverage for the injuries sustained by Rosson by virtue of the "Workers' Compensation and Employee Indemnification and Employer's Liability exclusions" and because his claims were statutorily barred. Rosson alleges that because the claim was nonsuited, there was thus no "present antagonistic assertion and denial of right," meaning that the court lacked jurisdiction to consider the claim. However, since Rosson's claim was voluntarily nonsuited, there still existed the potential of future litigation implicating the insurance contract.[5] Code § 8.01-184 contemplates the declaratory judgment remedy as applicable when determining "adjudications of right" arising from the "interpretation of . . . instruments of writing." Here, the declaratory judgment simply sought to resolve whether Erie owed any "duty or obligation to afford coverage under its policy of insurance." *Reisen*, 225 Va. at 331. Therefore, the circuit court had the subject matter jurisdiction necessary to enter a default judgment and did not err in exercising this authority.

Rosson further assigns error to the entry of default judgment based on Erie's complaint. Code § 8.01-271.1(B) requires that a party's pleadings in the trial court are to be pled "to the best of his knowledge, information, and belief." "[N]o court can base its judgment or decree upon facts not alleged or upon a right which has not been pleaded and claimed." *Ted Lansing Supply Co. v. Royal Aluminum & Constr. Corp.*, 221 Va. 1139, 1141 (1981). In addition, Rule 1:4(e) states that "[a]n allegation of fact in a pleading that is not denied by the adverse party's pleading, when the adverse party is required by these Rules to file such pleading, is deemed to be admitted." Moreover, Rule 3:19(a) states:

> [a] defendant who fails to timely file a responsive pleading as prescribed in Rule 3:8 is in default. A defendant in default is not entitled to notice of any further proceedings in the case, except as

---

[5] "The right to take a nonsuit is a powerful tactical weapon in the hands of a plaintiff" and doesn't eliminate the threat of future litigation, it just makes it "as if the suit had never been filed." *Temple v. Mary Washington Hosp., Inc.*, 288 Va. 134, 140 (2014) (quoting *Winchester Homes Inc. v. Osmose Wood Preserving, Inc.*, 37 F. 3d 1053, 1058 (4th Cir. 1994)).

provided in subsection (c) below; and written notice of any further proceedings must be given to counsel of record, if any, until default judgment is entered against such defendant. The defendant in default is deemed to have waived any right to trial of issues by jury.

Finally, Rule 3:8(a) requires a defendant to file responsive pleadings within 21 days of being served with a complaint.

Here, Rosson failed to file a responsive pleading to the declaratory judgment action by the original deadline of August 30, 2021. The circuit court granted two extensions to Rosson's counsel, resulting in a final deadline of October 1, 2021, but Rosson never timely responded to the complaint seeking declaratory judgment. Hence, Rosson was in default under Rule 3:19(a). Since Rosson never filed the required responsive pleading, the facts alleged in Erie's complaint are deemed agreed, conceded, and admitted under Rule 1:4(e). *See Funkhouser v. Million*, 209 Va. 89, 94 (1968) ("The failure of Million to plead responsively to the plaintiff's motion for judgment was an admission that the plaintiff was entitled to recover some damages from him."). Therefore, the circuit court did not err in granting declaratory judgment based on the alleged facts in Erie's complaint seeking declaratory judgment.

C. *The circuit court did not err in refusing to grant Rosson's motion for leave to file responsive pleadings.*

Rosson further argues that the circuit court erred by abusing its discretion in denying him leave to file responsive pleadings. We disagree.

Rule 3:19(b) provides that "[p]rior to the entry of judgment, for good cause shown the court may grant leave to a defendant who is in default to file a late responsive pleading." "Good cause" in this context encompasses:

> lack of prejudice to the opposing party, the good faith of the moving party, the promptness of the moving party in responding to the opposing parties' decision to progress with the cause, the existence of a meritorious claim or substantial defense, the existence of legitimate extenuating circumstances, and justified belief that the suit

has been abandoned or will be allowed to remain dormant on the docket.

*AME Fin. Corp. v. Kiritsis*, 281 Va. 384, 392 (2011). However, this list is not exhaustive or determinative. *Id.*

Here, Rosson initially failed to file a responsive pleading within 21 days of receipt of service of Erie's complaint seeking declaratory judgment. He then sought and was granted two additional extensions of time to file a responsive pleading to Erie's complaint but failed to comply even after being granted two separate extensions of the deadline. Hence, Rosson was clearly in default under Rule 3:19(a). *Id.* When a defendant is in default, Rule 3:19(b) limits the circuit court's discretion to grant further leave to file a responsive pleading for "good cause shown." Following Erie's motion for default judgment, Rosson filed an opposition memorandum in which he requested, for a third time, leave to file a late responsive pleading to Erie's complaint "based upon good cause shown." However, at no point in the memorandum or during the subsequent hearing did Rosson argue that good cause existed for the circuit court to grant a third extension of the filing deadline. Instead, Rosson argued in the opposition memorandum that "Erie is seeking an advisory opinion from the Court and asking the Court to decide a moot question" because the personal injury case was nonsuited.

Rosson now assigns error to the ruling of the circuit court for allegedly failing to properly weigh his good cause arguments in granting default judgment. However, as previously stated, Rosson never raised any of these good cause considerations in the circuit court before the entry of default judgment,[6] and the "good cause" provision of Rule 3:19(b) is only applicable "[p]rior to the entry of judgment." Thus, since Rosson did not make a "good cause" argument for the circuit court

---

[6] Only in Rosson's motion to vacate and motion to reconsider, did he argue that there was good cause for an extension of the filing deadline based on the existence of a "meritorious claim or substantial defense" related to the owner of Marquez Siding allegedly denying that Rosson was an employee. He also argued Erie was not prejudiced by the delay.

- 10 -

to consider prior to the entry of judgment, the assignment of error is not preserved on appeal. *See* Rule 5A:18. As a result, we decline to address this assignment of error on appeal.

D. *The circuit court did not abuse its discretion in refusing to grant Rosson's other motions.*

Rosson further assigns error to the circuit court's denial of: (1) his motion to reconsider default judgment; (2) his motion to vacate the final order; and (3) his motion to retain jurisdiction and suspend and/or modify the final order. We disagree.

### 1. Motion to Reconsider

Rosson sought to introduce the transcript from the deposition of Jaime Marquez Gomez which was taken before the July 11 default judgment hearing. In support thereof, Rosson argued that these were "new facts." We disagree.

"[M]otions to reconsider are not favored" since the "time required to hear a litigant reargue a question a second time must be taken from other litigants." *Hechler Chevrolet, Inc. v. Gen. Motors Corp.*, 230 Va. 396, 403 (1985). Motions to reconsider are available where there is an "error apparent on the face of the record, or for the purpose of introducing after-discovered evidence." *See Kirn v. Bembury*, 163 Va. 891, 901 (1935).[7]

Initially, since the testimony that Rosson sought to introduce was available at the time of the initial hearing, there was no "after-discovered evidence" to be considered. In addition, whether to grant a motion to reconsider is within the circuit court's sound discretion. Here, there was no "error apparent on the face of the record" and no "after-discovered evidence" to be considered. Thus, the circuit court did not err in refusing to grant Rosson's motion to reconsider.

---

[7] *Kirn* specifically involved a motion to vacate an interlocutory order, in which the Supreme Court analogized this discretionary standard to the standard used when considering a motion to rehear. 163 Va. at 900-01.

2. <u>Motion to Vacate</u>

Rosson argues that it was an abuse of discretion for the circuit court to deny his motion to vacate because Erie would not be prejudiced by a further delay.  We disagree.

Rule 3:19(d)(1) allows courts 21 days to "relieve a defendant of a default judgment after consideration of the extent and causes of the defendant's delay in tendering a responsive pleading . . . and the effect of the delay upon the plaintiff."  The standard articulated under Rule 3:19(d)(1) is a discretionary standard that considers the "extent and cause of the defendant's delay" in producing a pleading in response to a complaint.  Beyond citing to the Rule 3:19(d)(1), Rosson makes no further legal argument on appeal in support of the claim that he is entitled to relief from judgment under this standard, and only argues that because Erie "delayed," "Erie was not prejudiced by any sort of delay by Rosson."  Similarly, in his motion to vacate, Rosson only presented the argument that "Erie was not prejudiced in any sense . . . given their own lack of action."  This argument did not present the circuit court with the opportunity to consider "the extent and causes" of Rosson's delay.  For these reasons, we find the circuit court did not abuse its discretion in denying Rosson's motion to vacate.

3. <u>Motion to Retain Jurisdiction and Suspend and/or Modify the Final Order</u>

Rosson argues that the circuit court abused its discretion in denying Rosson's motion to retain jurisdiction.  We disagree.

The trial court maintains jurisdiction over its "final judgments, orders, and decrees" and such judgments "may be modified, vacated, or suspended for twenty-one days after the date of entry."  Rule 1:1(a).  Rule 3:19(d)(1) further provides that such a decision allowing "for the modification, vacation or suspension of a judgment" can be made after the trial court considers "the extent and causes of the defendant's delay in tendering a responsive pleading" as well as

"the effect of the delay upon the plaintiff." The jurisdiction to modify, vacate, or suspend is a discretionary power which may be exercised by the trial court.

Rosson alleges that "[b]y refusing to retain jurisdiction to hear additional evidence and argument on the merits of the case, the trial [court] clearly abused its discretion." He argues that because the court had "discretion to modify, vacate, or suspend a Final Order" under Rule 1:1(a), the circuit court thus erred by not hearing additional arguments on the merits. Assuming without deciding the appellant preserved this issue,[8] under Rule 1:1(a), it was within the circuit court's discretion to consider Rosson's motion. In his motion, Rosson only presented the argument that he sought to "present[ ] additional evidence to the Court that goes to the heart of the merits in this case." As required for consideration under Rule 3:19(d)(1), Rosson's arguments in the motion and on brief do not attest to "the extent and causes" of Rosson's delay. For these reasons, we find the circuit court did not abuse its discretion in denying Rosson's motion.

### III. CONCLUSION

For the foregoing reasons, the circuit court is affirmed.

*Affirmed.*

---

[8] *See* Rule 5A:20(e) (requiring an appellant's opening brief to contain "principles of law and authorities[] relating to each assignment of error").